■ In the Matter of the Claim of MIKE CARDO, Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 20, 1982. Decision affirmed, without costs (*Matter of Miller [Ross]*, 78 AD2d 561). Mahoney, P. J., Sweeney, Kane, Casey and Levine, JJ., concur.

■ In the Matter of the Claim of CARY HIRSCHFIELD, Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 17, 1982. By initial determination of the Commissioner of Labor, claimant was disqualified from receiving benefits on the ground that he had voluntarily left his employment without good cause and that he was unavailable for employment. Following a hearing, the administrative law judge overruled the initial determination on the issue of claimant voluntarily leaving his employment, but sustained the determination on the issue of claimant's availability. On the latter issue, the law judge's decision found only that claimant had made nine contacts for employment during the period and concluded: "Claimant is required to make an active search for work. Claimant's efforts do not meet the required standards". Not to be outdone insofar as brevity is concerned, the board affirmed, adopting the law judge's findings and opinion as its own. The board's own rules require that decisions of both the law judge and the board "contain a statement of the issues, the findings of fact, the conclusions and the reasons therefor" (12 NYCRR 462.1 [a]; 464.1 [a]). The decision at issue here violates both the letter and the spirit of these rules. The only factual finding — that claimant made nine job contacts — is patently inadequate, for "the number of personal job seeking efforts in and of itself is not a fact which alone can establish that a claimant is not ready, willing and able to work" (*Matter of Dayson [Levine]*, 47 AD2d 701, 703). The number of job contacts ordinarily is a factor to be considered in the totality of all the circumstances (*id.*). Here, however, no other circumstances are mentioned in the decision, either in the findings or in any discussion of the conclusion. Indeed, no reasons are given for the conclusion. As a result of these inadequacies, the court and the parties are left to speculate as to the basis for the board's decision. Thus, claimant argues that since the only factual finding concerns the number of job contacts, the board's decision must be based only on that factor. The Commissioner of Labor, on the other hand, points to other evidence in the record and argues that "[i]mplicit in the [b]oard's decision is the proposition that". We decline to resort to speculation as to what is or is not "implicit" in the board's decision. Rather, we remit the matter to the board for compliance with its own rules. Determination of appeal withheld and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith. Mahoney, P. J., Sweeney, Main, Casey and Weiss, JJ., concur.