■ In the Matter of the Claim of JOHN D. CORRAR, Respondent. HUMAN RESOURCES ADMINISTRATION OF THE CITY OF NEW YORK, Appellant; THOMAS F. HARTNETT, as Commissioner of Labor, Respondent.—Mercure, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 26, 1987, which ruled that claimant was entitled to receive unemployment insurance benefits.

Claimant was employed by the Human Resources Administration of the City of New York (hereinafter the employer) as a provisional special officer from 1981 until his discharge on June 12, 1985. By initial determination of the Commissioner of Labor, claimant was disqualified from receiving benefits on the ground that the loss of employment was due to misconduct, to wit, use of excessive force in the service of a summons on December 7, 1984. Hearings were held before two different Administrative Law Judges (hereinafter ALJ);* each overruled the initial determination. The Unemployment Insurance Appeal Board affirmed, adopting the findings of fact and the opinion of the ALJ. The employer appeals.

Because there was more than adequate evidence in the record to support a finding that claimant did not use excessive force and was not guilty of misconduct in the service of a summons on December 7, 1984, we will limit our discussion to the employer's contention that the findings set forth in the decision of the ALJ, adopted by the Board, were inadequate to support the conclusion that claimant was not discharged from his employment due to misconduct. The ALJ found that claimant continued in his employment without incident from December 7, 1984 to June 12, 1985 despite the fact that he was a provisional worker, that he was given no reason for his dismissal and that he was never reprimanded prior to his dismissal. "In view of the length of time between the incident

---

* The decision of the first ALJ was rescinded by the Unemployment Insurance Appeal Board due to procedural irregularity in the conduct of the hearing. A further hearing was directed.

and claimant's discharge and the fact that claimant was given no reason for his dismissal", the ALJ rejected the employer's assertion of misconduct, reasoning that the investigation did not have to take six months since "all of the witnesses were within control of the employer" and that claimant was discharged "for reasons best known to the employer".

In our view, these findings are patently inadequate. The uncontroverted evidence was that the employer's investigation actually did take six months. Whether it could or should have been conducted more quickly was irrelevant to the issues before the ALJ and the Board. Further, as a provisional worker, claimant was not entitled to specification of the reason for his discharge, so the fact that no reason was stated is of no probative value on the issue of misconduct. The Board should have directed its attention to the considerable evidence in the record concerning the events of December 7, 1984, indicated the evidence which it credited and, on that basis, found that claimant either was or was not guilty of misconduct in his employment. This it did not do. Accordingly, we must remit the matter to the Board so that the requisite findings can be made (see, 12 NYCRR 462.1 [a]; 464.1 [a]; *Matter of Gaar [New York Dist., Kraft Dairy Group—Roberts],* 90 AD2d 652, 653-654; *see also, Matter of Hirschfield [Roberts],* 95 AD2d 908).

Decision reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this court's decision. Kane, J. P., Casey, Weiss, Levine and Mercure, JJ., concur.