■ In the Matter of JAMES H. MALOY, INC., Respondent, v ZONING BOARD OF APPEALS OF THE TOWN OF SAND LAKE et al., Appellants.—Mercure, J. Appeal from a judgment of the Supreme Court (Prior, Jr., J.), entered October 16, 1989 in Rensselaer County, which granted petitioner's application, in

a proceeding pursuant to CPLR article 78, to annul a determination of respondent Zoning Board of Appeals of the Town of Sand Lake finding that petitioner's gravel pit operation violates the zoning ordinance of the Town of Sand Lake.

Petitioner operated a gravel pit in the Town of Sand Lake, Rensselaer County. On May 25, 1988, the Town Board passed a resolution amending its zoning ordinance to rezone the commercial excavation zone lying adjacent to and east of State Route 150 and south of State Route 43, including the gravel bank mined by petitioner, to a residential zone. The Town Board resolution further provided that "notwithstanding any other provision of the [zoning ordinance], such rezoning shall govern and control the land use in the said zone immediately upon the effective date of this amendment". Shortly thereafter, the town zoning officer cited petitioner for a violation of the zoning ordinance and issued "stop work" orders, restraining petitioner from further gravel mining operations in the rezoned area. The zoning officer also issued a written interpretation that the Town Board's resolution immediately rezoning the property controlled and rendered inapplicable the zoning ordinance's provision for the continuation of existing nonconforming uses. Petitioner appealed the stop work orders and written interpretation to respondent Zoning Board of Appeals of the Town of Sand Lake (hereinafter the ZBA). Hearings were conducted on July 21 and 29, 1988, at which petitioner offered evidence of its prior mining operations on the property. On August 1, 1988, the ZBA rendered a decision upholding the zoning officer's interpretation that the language of the May 25, 1988 resolution prevented the "grandfathering" of existing uses which might otherwise occur. Therefore, the ZBA did not consider the issue of whether petitioner's operation constituted a nonconforming use under the zoning ordinance.

Petitioner then brought this CPLR article 78 proceeding, seeking a judgment annulling the ZBA's decision and permitting petitioner's operation as a valid nonconforming use. Respondents answered the petition and simultaneously moved for remittal of the proceedings to the ZBA upon the ground that the ZBA's decision was based upon an incorrect legal determination and that the issue of whether petitioner's operation constituted a valid nonconforming use under the zoning ordinance should be addressed. Supreme Court denied the motion and granted the petition, making the factual determination that petitioner's operation constituted a valid nonconforming use. Respondents appeal.

We reverse. It is fundamental that in a CPLR article 78 proceeding, a court's inquiry, as concerns questions of fact, is limited to whether the administrative agency's determination is supported by substantial evidence *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222, 230). Here, the agency failed to determine the ultimate issue required for resolution of the controversy, precluding Supreme Court from performing its appropriate review function and requiring remittal of the matter for further proceedings *(see, Matter of Shell Cr. Sailing Club v Board of Zoning Appeals,* 20 NY2d 841; *Matter of Corrar [Human Resources Admin.—Hartnett],* 145 AD2d 763, 764; *Matter of Spinella v Zoning Bd. of Appeals,* 144 AD2d 927; 2 Anderson, New York Zoning Law and Practice § 26.20, at 399-401 [3d ed]). Accordingly, Supreme Court should have granted respondents' motion, remitted the matter to the ZBA and dismissed the petition without prejudice to a further proceeding following the ZBA's final determination of the issue.

Finally, we note that respondents, as limited by their brief, seek only that the matter be remitted to the ZBA for determination of the question of whether petitioner has a valid nonconforming use, on the evidence already presented to it.

Judgment reversed, on the law, without costs, petition dismissed without prejudice and matter remitted to respondent Zoning Board of Appeals of the Town of Sand Lake for further proceedings not inconsistent with this court's decision. Kane, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.