Matter of Nottage (Commissioner of Labor) (2022 NY Slip Op 02476)

Matter of Nottage (Commissioner of Labor)

2022 NY Slip Op 02476

Decided on April 14, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 14, 2022

533963
[*1]In the Matter of the Claim of Tiffany Nottage, Appellant. Commissioner of Labor, Respondent.

Calendar Date:March 18, 2022

Before:Lynch, J.P., Aarons, Pritzker, Fisher and McShan, JJ.

Tiffany Nottage, New York City, appellant pro se.
Letitia James, Attorney General, New York City (Camille J. Hart of counsel), for respondent.

Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 10, 2021, which ruled, among other things, that claimant was ineligible to receive unemployment insurance benefits because she was not totally unemployed.
In March 2020, claimant was working full time for a nonprofit workforce development program and was also working part time for an event staffing company. After her assignments with the event staffing company ended due to the onset of the coronavirus pandemic, claimant applied for unemployment insurance benefits, certifying that she did not work from March 23, 2020 to September 13, 2020, despite admittedly working full time for the nonprofit during this time period. As a result, claimant received unemployment insurance benefits, as well as $10,200 in federal pandemic unemployment compensation benefits under the Coronavirus Aid, Relief, and Economic Security Act (see 15 USC § 9021). The Department of Labor issued an initial determination holding that claimant was ineligible to receive benefits during the aforementioned time period because she was not totally unemployed, that she had made willful misrepresentations to obtain benefits and that she was responsible for recoverable overpayments of both the regular unemployment benefits and the federal benefits (see 15 USC § 9023 [f] [2]). Additionally, claimant's right to receive future benefits was reduced by 200 days and a penalty of $1,188 was imposed. Following a hearing, the Administrative Law Judge sustained the initial determination and the Unemployment Insurance Appeal Board affirmed. Claimant appeals.
There is no dispute that, inasmuch as claimant admitted that she was working at her full-time position while collecting benefits, substantial evidence supports the Board's determination that claimant was ineligible to receive state benefits because she was not totally unemployed (see Matter of Araman [Commissioner of Labor], 150 AD3d 1526, 1527 [2017]; Matter of Denes [Commissioner of Labor], 147 AD3d 1144, 1146 [2017]). Moreover, the record reflects that, when certifying for benefits, claimant indicated that she was not performing any work during the time period in question, which was not true. However, claimant argues that she was deprived of a fair hearing because the Administrative Law Judge did not admit evidence that she offered, which she asserts was relevant to the salient issue of whether her misrepresentation was willful and thus may affect her liability to repay and/or be assessed penalties (see Labor Law § 594). We agree.
At the hearing, claimant requested to admit over 50 pages of documentation into the record. Included in these documents is a flyer, which claimant contends was on the Department of Labor's website and led her to believe that, despite not being eligible for state unemployment benefits, she may have been entitled to pandemic unemployment assistance under federal legislation that was put in place due to the coronavirus pandemic[*2]. Claimant argues that she understood this flyer to mean that she was required to apply for state unemployment benefits to obtain relief under the federal legislation. A fair interpretation of the flyer supports that contention. Also included in these documents is evidence of claimant's many attempts to contact the Department of Labor to determine whether she was, in fact, entitled to the benefits that she was receiving. As these documents bear directly on the issue of determining whether claimant's misrepresentation was willful, as well as on claimant's credibility, not allowing them into evidence denied her "a sufficient opportunity to present proof in support of her claim" and did, in fact, deprive her of a fair hearing (Matter of Lieber [Ross], 46 NY2d 867, 868 [1979]; see Matter of Dayson [Levine], 47 AD2d 701, 703 [1975]; compare Matter of Foster [Board of Educ. of Carthage Cent. School Dist.], 262 AD2d 899, 900 [1999], lv denied 94 NY2d 760 [2000]). Accordingly, the Board's decision must be reversed. In light of this determination, we need not reach claimant's remaining contentions.
Lynch, J.P., Aarons, Pritzker, Fisher and McShan, JJ., concur.
ORDERED that the decision is reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.