In the Matter of the Claim of MICHAEL DOHERTY, Respondent, v. UNDERPINNING & FOUNDATION COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal by the employer and carrier from a schedule award of 7½% for loss of use of the left hand and 7½% for loss of use of the right hand due to Dupuytrens contractures. Although claimant was not working due to other conditions, he has suffered no actual wage loss causally related to the Dupuytrens contractures. For that reason appellants urge that the board improperly found a disablement and a date of disablement resulting from an occupational disease. In cases involving a schedule award due to an occupational disease it has long been established that the board may make such an award and fix a date of disablement, although there has been no actual loss of wages causally related to the occupational disease. (*Matter of O'Reilly* v. *Liebmann Breweries,* 15 A D 2d 972; *Matter of Oddi* v. *Cabaret Hurricane,* 278 App. Div. 261.) Award unanimously affirmed, with one bill of costs to be divided between respondents filing briefs. Present — Bergan, P. J., Coon, Gibson, Reynolds and Taylor, JJ.

In the Matter of the Claim of ROSALIE Z. TENENBAUM, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— This is an appeal by claimant from a decision of the Unemployment Insurance Appeal Board which affirmed a Referee's decision that claimant voluntarily left her employment without good cause. The Referee and the board found that the claimant left her employment in November of 1961 after the failure of her employer to fulfill a promise of promotion made in January of 1961. She testified that she had been promised that this promotion would occur in a few months. At the time claimant left her employment she had been informed that there were no promotions available in the immediate future. The opinion of the Referee, adopted by the board, was that this promise "was not a condition of the employment but was merely an expectation of possible future events. Claimant was not given any definite date upon which the promotion would occur and had no reason to expect such until it was actually given to her. Claimant could have remained in her employment and awaited the circumstances of the opening, whereupon she could have sought the promotion that was promised." This court has held that the determination of "good cause" is one of fact and for the board. (*Matter of Lipschitz* [*Lubin*], 7 A D 2d 777.) The facts of this case do not establish an arbitrary or capricious exercise of the board's fact-finding function. Decision unanimously affirmed, without costs. Present — Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ.