■ In the Matter of the Claim of ALBERT A. CONNORS, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— STALEY, JR., J. Appeal from a decision of the Unemployment Insurance Appeal Board which determined that the claimant was disqualified from receiving benefits effective April 19, 1966 on the ground that he voluntarily left his employment without good cause by provoking his discharge. The claimant, a member of the union, was employed by the Stewart Stamping Corp. as a tool crib attendant from October 26, 1960 through April 18, 1966. He was assigned, subsequent to October 26, 1960, to the additional duties of cutting heavy gauge steel on a horizontal saw. On April 18, 1966, he was told to cut five or six pieces of light gauge steel which work required the use of a vertical saw. When he protested that this was not his job, he was summarily discharged. The claimant was aware of a company rule that if he refused assigned work, such refusal would be considered as a resignation. He had been advised, however, that the union did not recognize this rule. The union's shop steward was not available during the dispute, but was advised shortly thereafter of the circumstances. According to claimant, the shop steward said he would talk to the company comptroller who had discharged the claimant, but although he saw the shop steward as he was leaving the plant, the shop steward did not tell him anything. He thereafter made no effort to press his grievance through the union. The board determined that the work assigned to the claimant was within the scope of his job duties and that he was dismissed from his job because he unreasonably refused to perform work which fell within the scope of his job duties. Although the testimony at the hearing did not clearly outline the scope of claimant's job duties, it was established and claimant stated, " I told the treasurer, Mr. Lessing, that I could not do the work because I had not time, and that it was not part of my job," and he further stated, " I usually cut steel from two inches in diameter up from the power saw. The smaller sizes like three-eighths inch and three-quarters inch and up to one and one-half inch steel was usually cut by apprentices on the table saw. This was not usually part of my job." The issue of whether or not the work assigned to the claimant was within the scope of his job duties is a factual one which has been resolved adversely to the claimant. The findings of the board are supported by substantial evidence and must be sustained. (*Matter of Martino* [*Catherwood*], 24 A D 2d 772; *Matter of Weinberger* [*Catherwood*], 22 A D 2d 995.) Decision affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur in memorandum decision by Staley, Jr., J.