In the Matter of the Claim of JOSEPH J. LATONA, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 20, 1975, which reversed the decision of a referee and sustained an initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits upon the ground that he voluntarily left his employment without good cause. Claimant, while conceding that he resigned from his employment, contends that the assignment of additional duties without provision for increased salary provided good cause for his leaving his employment. This contention raises a factual issue and the board's resolution, when supported by substantial evidence, as here, must be affirmed (Matter of Connors [Catherwood], 27 AD2d 895). Moreover, we note that there is evidence that claimant, who had recently received a $2,500 raise and was receiving an annual increment, was dissatisfied with his salary. Dissatisfaction with wages or salary does not provide good cause for leaving employment (Matter of Weber [Catherwood], 32 AD2d 697). We cannot say as a matter of law that the board could not find on this record that claimant's primary reason for leaving his employment was dissatisfaction with his wages and that the request to perform additional duties was not, under the circumstances, unreasonable. The board's decision is supported by substantial evidence and must be affirmed. Decision affirmed, without costs. Herlihy, P. J., Greenblott, Koreman, Main and Reynolds, JJ., concur.

In the Matter of the Claim of NANCY LIGHTSTONE, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 19, 1975, which affirmed the decision of a referee sustaining the initial determination of the Industrial Commissioner holding claimant was ineligible to receive benefits effective November 11, 1974 because she was not available for employment. The board found that claimant was not actively seeking employment and, therefore, not entitled to benefits. Whether claimant made a sincere effort to find employment was a question of fact for the board to determine (Matter of Forsyth [Catherwood], 31 AD2d 707). Since the board's determination is supported by substantial evidence, we should not disturb it (Matter of Rubinstein [Catherwood], 33 AD2d 950). Decision affirmed, without costs. Herlihy, P. J., Sweeney, Koreman, Larkin and Reynolds, JJ., concur.