■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADOLPH ASCH, Appellant.—Mikoll, J. Appeal from a judgment of the County Court of Chemung County (Danaher, Jr., J.), rendered September 6, 1988, convicting defendant upon his plea of guilty of the crime of grand larceny in the fourth degree.

Defendant contends on this appeal that County Court failed to conform to Penal Law § 60.27 in requiring defendant to make restitution in the sum of $4,468 for damages to the vehicle he stole. He also challenges the constitutionality of the statute requiring restitution in the instant circumstances. Defendant contends that, although he stole the car, another person caused the damage to it. Defendant also urges that the sentence imposed was harsh and excessive.

Penal Law § 60.27 (2) holds in pertinent part: "Whenever the court requires restitution or reparation to be made, the court must make a finding as to the fruits of the offense or the loss or damage caused by the offense. If the record does not contain sufficient evidence to support such finding or upon

request by the defendant, the court must conduct a hearing upon the issue in accordance with the procedure set forth in section 400.30 of the criminal procedure law." CPL 400.30 (4) places the burden of proof upon the People in any hearing on the question of restitution.

The information before County Court regarding restitution consisted of a statement by an Assistant District Attorney, made at the plea taking, that the sales manager of Alexander Motors, who inspected the car, gave it a value of approximately $2,800 before the damage was done. Defendant was asked whether he questioned the statement as to value, to which he replied, "No." On the date of sentencing County Court imposed restitution of $4,500, reduced subsequently to $4,468 at defense counsel's request, as the amount of damages reported in the presentence report. The presentence report says, "Information contained in the District Attorney's files indicates that the amount of the damage to the vehicle is $4,468.50."

The record totally fails to contain sufficient evidence to support County Court's order of restitution. This matter must be remitted to that court for an appropriate hearing on the question of ascertaining appropriate restitution owing to the victim of the crime.

The other issues raised by defendant are held in abeyance pending such hearing.

Decision withheld, and matter remitted to the County Court of Chemung County for further proceedings not inconsistent with this court's decision. Kane, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.