■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARBARA MENDEZ, Appellant.—Appeal from a judgment of the County Court of Chemung County (Danaher, Jr., J.), rendered June 27, 1989, convicting defendant upon her plea of guilty of the crime of grand larceny in the third degree.

Defendant claims that the amount of restitution she was ordered to pay was excessive. However, the People agree that in light of this court's recent decision in *People v Asch* (155 AD2d 735), it is necessary to remit the matter to County Court for a restitution hearing. Here, as in *Asch,* there is insufficient evidence to support the order of restitution. Accordingly, the issue of excessiveness is held in abeyance pending such hearing.

Decision withheld, and matter remitted to the County Court of Chemung County for further proceedings not inconsistent with this court's decision. Mahoney, P. J., Kane, Weiss, Levine and Harvey, JJ., concur.

■ In the Matter of the Claim of NANCY S. HOUGHTON, Appellant. THOMAS F. HARTNETT, as Commissioner of Labor, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 24, 1988, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Although claimant contended that she was compelled to leave her job because she was assigned additional duties without extra pay and that she deserved a promotion and a raise, her supervisor testified that any additional work was assigned at claimant's request, was within her job description and that no promotional positions were available at the time claimant left. Dissatisfaction with wages and promotional opportunities does not constitute good cause for leaving one's employment *(Matter of Latona [Levine],* 50 AD2d 957). Furthermore, the conclusion that the request to perform additional duties was not unreasonable is supported by the record *(see, Matter of Tenenbaum [Catherwood],* 18 AD2d 742). Accordingly, the determination that claimant voluntarily left her employment without good cause must be upheld *(see, supra).* Claimant's remaining contentions have been addressed and found to be without merit.

Decision affirmed, without costs. Mahoney, P. J., Kane, Weiss, Levine and Harvey, JJ., concur.