■ In the Matter of the Claim of JOLLY SAHA, Appellant. MITSUI TRUST & BANKING COMPANY, LTD., Respondent; COMMISSIONER OF LABOR, Respondent. [678 NYS2d 405] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 15, 1997, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant was employed in a bank from 1990 to 1996. When claimant did not receive a promotion and salary increase she had been requesting, she contacted an attorney to pursue a sexual discrimination case against the employer. Anticipating a negative performance evaluation, claimant followed the advice of her attorney and resigned from her position in order to protect her employment record. The Unemployment Insurance Appeal Board, reversing the finding of the Administrative Law Judge, denied claimant's application for benefits on the ground that she voluntarily left her employment without good cause. Claimant appeals and we affirm. Dissatisfaction with one's wages and promotional opportunities has been held not to constitute good cause for leaving employment (*see, Matter of Crivelli [Hartnett]*, 179 AD2d 858; *Matter of Houghton [Hartnett]*, 167 AD2d 665; *see also, Matter of Hoover [Sweeney]*, 232 AD2d 808). Furthermore, even if claimant had received a poor performance evaluation from her employer as she had antici-

pated, such criticism would not constitute good cause for leaving her employment (*see, e.g., Matter of Rugelis [Pfaudler Co.— Sweeney]*, 248 AD2d 784). Under these circumstances, we conclude that substantial evidence supports the Board's decision that claimant left her employment for personal and noncompelling reasons. Claimant's remaining contentions have been reviewed and found to be without merit.

Mikoll, J. P., White, Spain, Carpinello and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.