■ In the Matter of the Claim of BELMARIES ROMANO et al., Respondents. BUFFALO BOARD OF EDUCATION, Appellant; COMMISSIONER OF LABOR, Respondent. [681 NYS2d 863] —Crew III, J. P. Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 25, 1997, which denied an application by the Buffalo Board of Education to reopen and reconsider certain prior decisions of the Board.

Insofar as is relevant to this appeal, claimants were employed as temporary teachers by the Buffalo Board of Education (hereinafter the School Board) during the 1994-1995 academic year. By form letter dated June 9, 1995, claimants were advised that they would be reemployed by the School Board during the 1995-1996 academic year. Finding that such letter constituted a reasonable assurance of continued employment, claimants' subsequent applications for unemployment insurance benefits were denied. This matter then proceeded to a hearing, at the conclusion of which an Administrative Law Judge overruled the initial determination and ruled that claimants were eligible to receive benefits. The Unemployment Insurance Appeal Board subsequently affirmed the Administrative Law Judge's decision, prompting the School Board to apply to the Board to reopen and reconsider its prior decisions in this matter. The Board denied the School Board's application and this appeal ensued.

To be sure, the decision to grant an application to reopen lies within the sound discretion of the Board and, absent an abuse of such discretion, the Board's decision will not be disturbed (*see, Matter of Martino [Sweeney]*, 239 AD2d 645). Here, however, in view of the ostensibly identical claims then at issue in *Matter of Cannizzaro (Buffalo Bd. of Educ.—Commissioner of Labor)* (256 AD2d 846 [decided herewith]) and the extensive testimony adduced in that matter, we are of the view that the Board indeed abused its discretion in this regard. We therefore conclude that the School Board's motion for reopening and reconsideration should be granted to permit further development of the issue of whether claimants received a reasonable assurance of continued employment within the meaning of Labor Law § 590 (10).

White, Peters, Carpinello and Graffeo, JJ., concur. Ordered that the decision is reversed, without costs, and matter remit-

ted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.