■ In the Matter of the Claim of ROSA CEDEÑO, Appellant. COMMISSIONER OF LABOR, Respondent. [920 NYS2d 921]—

Appeal from a decision of the Unemployment Insurance Ap-

peal Board, filed April 26, 2010, which denied claimant's application to reopen a prior decision.

Claimant was employed as a home attendant for a home health care service for approximately two years when, in November 2008, she was discharged for allegedly failing to report to an assignment, leaving an elderly dementia patient without care. The Department of Labor issued an initial determination finding that claimant was eligible to receive unemployment insurance benefits. However, following a hearing in June 2009 at which claimant failed to appear, an Administrative Law Judge found that claimant's employment was terminated due to misconduct and, therefore, she was ineligible to receive benefits. After claimant's appeal of that decision was treated as an application to reopen, the Unemployment Insurance Appeal Board ultimately determined that claimant's proffered excuse for not attending the first hearing did not constitute good cause and denied the application. Claimant now appeals.

We affirm. Whether to grant a claimant's application to reopen a prior decision is a matter within the discretion of the Board, and the Board's determination will not be disturbed absent a showing that it abused that discretion (*see Matter of Childs [Kaleida Health—Commissioner of Labor]*, 69 AD3d 1070, 1071 [2010]; *Matter of Washington [Kaleida Health—Commissioner of Labor]*, 65 AD3d 1428, 1429 [2009]). Here, although petitioner claimed that she failed to appear for the first hearing on the advice of her union attorney, she admitted that she did not contact the Department of Labor to determine her obligations and, therefore, we decline to disturb the Board's decision (*see Matter of Falus [Commissioner of Labor]*, 276 AD2d 1009, 1010 [2000]; *Matter of Saha [Mitsui Trust & Banking Co.—Commissioner of Labor]*, 253 AD2d 963, 963-964 [1998]).

Mercure, J.P., Rose, Malone Jr., Stein and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.