*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  September 18, 2014          518365
_____

In the Matter of the Claim of
    MATTHEW R. CERICK,
                    Appellant.
                                        MEMORANDUM AND ORDER
COMMISSIONER OF LABOR,
                    Respondent.
_____

Calendar Date:  August 4, 2014

Before:  Lahtinen, J.P., Stein, Garry, Rose and Devine, JJ.

_____

        Matthew R. Cerick, Fairfax, appellant pro se.

        Eric T. Schneiderman, Attorney General, New York City (Gary Leibowitz of counsel), for respondent.

_____

        Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 5, 2013, which, among other things, denied claimant's application to reopen a prior decision.

        The Department of Labor issued an initial determination finding that, effective May 5, 2011, claimant was ineligible to receive unemployment insurance benefits because he voluntarily left his employment without good cause.  After claimant submitted a hearing request, a hearing was scheduled for August 11, 2011.  However, neither claimant nor the employer appeared for the hearing and a default decision was issued by the Administrative Law Judge (hereinafter ALJ).[1]  On administrative appeal, the

_____

        [1]  Two subsequent hearings were scheduled in November 2011 and January 2012.  Additional default decisions were issued upon claimant's failure to appear at either of those hearings.

Unemployment Insurance Appeal Board dismissed the appeal and remitted the matter to the ALJ to treat the appeal as an application to reopen the default decisions. On remittal, the ALJ conducted a hearing and, among other things, denied claimant's application to reopen the August 2011 default decision and sustained the initial determination.[2] The Board upheld the ALJ's decision and this appeal by claimant ensued.

We reverse. It is axiomatic that the party seeking to reopen a decision must demonstrate good cause for the default (see 12 NYCRR 461.8; Matter of Tavares [Commissioner of Labor], 118 AD3d 1243, 1244 [2014]), and the determination whether to grant such an application will not be disturbed absent an abuse of the Board's sound discretion (see Matter of Lee [Commissioner of Labor], 84 AD3d 1652, 1653 [2011]; Matter of Childs [Kaleida Health—Commissioner of Labor], 69 AD3d 1070, 1071 [2010], lv dismissed 18 NY3d 837 [2011]). Under the circumstances here, we are of the view that the Board abused its discretion in finding that claimant did not demonstrate good cause for his failure to appear at the August 2011 hearing and, therefore, in denying claimant's application to reopen the default decision rendered as a result thereof (see generally Matter of Romano [Buffalo Bd. of Educ.-Commissioner of Labor], 256 AD2d 845, 845 [1998]).

Sometime prior to the scheduled commencement of the August 2011 hearing, counsel for claimant and the employer jointly — through a letter faxed by the employer's counsel to the ALJ at the hearing site — requested an adjournment in light of the fact that they had reached a tentative settlement.[3] While we agree with the Board that the granting of the adjournment should have been verified before a decision was made not to appear at the hearing, it is evident that all parties assumed in good faith

[2] The ALJ determined that claimant had good cause for failing to appear at the second and third hearings, and granted claimant's applications to reopen those default decisions.

[3] We note that the employer advises that it does not object to claimant's receipt of unemployment benefits and has not opposed the relief requested in the instant appeal.

that their appearance was not required, as neither claimant's counsel nor the employer appeared for the hearing.  Indeed, it is questionable whether the hearing would have proceeded in their absence even if claimant had appeared.  In light of these circumstances, we find that the August 2011 default decision should have been reopened and, therefore, the decision is reversed and the matter remitted for consideration on the merits (compare Matter of Cedeno [Commissioner of Labor], 83 AD3d 1350, 1351 [2011]).

        Lahtinen, J.P., Stein, Garry, Rose and Devine, JJ., concur.


        ORDERED that the decision is reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.




                    ENTER:

                    Robert D. Mayberger
                    Clerk of the Court