■ In the Matter of the Claim of Frank J. Farina, Appellant. Philip Ross, as Industrial Commissioner, Respondent. — Appeal by claimant from a decision of the Unemployment Insurance Appeal Board, filed December 16, 1980. Following a hearing, an Administrative Law Judge sustained the local office's determination that claimant was ineligible to receive benefits because he was not totally unemployed, charged him with a $10,340 overpayment deemed recoverable, and, as a penalty for willfully making statements to obtain benefits, imposed a forfeiture of 212 effective days of future benefit rights. In a

decision filed June 6, 1980, the appeal board affirmed. However, to complete the record, the board, on the Industrial Commissioner's application, reopened its decision to allow the commissioner to introduce certain documents which had been omitted from claimant's file. Without holding any further hearings, the board, by decision dated December 16, 1980, rescinded its earlier decision, but once again affirmed the Administrative Law Judge's findings that claimant had been guilty of misrepresentation and had not been totally unemployed. Initially, we note that the board did not abuse its discretion in reopening its decision to accept additional documents. While his appeal to this court from the decision of June 6, 1980 was pending, claimant advised the board that since he had "already consented to the submission of these documents for the consideration of the Appellate Division", a reopening to complete the record was unnecessary. *Matter of Piro (Ross)* (76 AD2d 940), relied upon by claimant, is readily distinguishable, for we do not have a situation here where the board denied benefits on grounds not addressed in its earlier ruling. Although more carefully documented, what the board concluded in its later decision was essentially what it had concluded earlier. Despite claimant's assertion to the contrary, there is ample evidence in the record to support the board's determination in every material respect. Finally, although the Industrial Commissioner's review of claimant's application for benefits was undertaken more than one year after the initial determinations to pay claimant benefits were made, because that review was predicated on the latter's willful misrepresentation, it was not time barred (Labor Law, § 597, subd 3; *Matter of Marder [Catherwood]*, 16 AD2d 303). In affirming the decision, we do so, with costs to claimant, as permitted by our rules (22 NYCRR 800.9 [d]), in view of the Industrial Commissioner's excessive delay in filing his brief. Decision affirmed, with costs to claimant against the Industrial Commissioner. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Herlihy, JJ., concur.