■ In the Matter of the Claim of ROBERT CENTRONE, Respondent. VULCAN FUEL CORPORATION, Appellant; LILLIAN ROBERTS, as Commissioner of Labor, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 20, 1983, which rescinded a decision of an administrative law judge and granted an application by the Commissioner of Labor to withdraw the initial determination disqualifying claimant from receiving benefits. ¶ The issues presented herein are (1) whether the Unemployment Insurance Appeal Board (Board) acted without authority in rescinding without a hearing the decision of an administrative law judge and in permitting the Commissioner of Labor to withdraw the initial determinations disqualifying claimant after an appeal to the Board had been taken by claimant, and (2) whether such actions by the Board violated the employer's due process rights. We conclude that the Board acted within its discretion and that the due process rights of the employer were not violated. ¶ Claimant was initially ruled disqualified from receiving benefits on the ground that he voluntarily left his employment without good cause or, in the alternative, that he lost his employment for reasons of misconduct. After a hearing, the initial determination was sustained on the basis that claimant voluntarily left his employment by an administrative law judge who concluded, in effect, that claimant's rights under the Toxic Substances Law (Labor Law, art 28) had not been violated. Claimant then appealed to the Board, arguing that his rights under article 28 of the Labor Law had been violated. ¶ While the above proceedings were taking place, an ongoing investigation of the employer's practices relative to article 28 of the Labor Law was being conducted by the Division of Health and Safety of the State Department of Labor. As a result of this investigation, the Attorney-General, at the request of the Commissioner of Labor, instituted an action against claimant's employer in Supreme Court, Nassau County, to recover penalties for alleged violations of article 28 and to reinstate claimant with back pay. ¶ On the basis of information developed during this investigation, the Commissioner of Labor applied to the Board to reopen and rescind the decision of the administrative law judge and advised that if the application were granted, the initial determinations disqualifying claimant would be withdrawn by the Commissioner. This request was granted and the initial

determinations were ruled withdrawn. This appeal by the employer ensued. ¶ The employer argues that the Board acted without authority in rescinding the decision of the administrative law judge and permitting the Commissioner to withdraw the initial determinations and that, as a result, the employer's due process rights were violated. We disagree. ¶ Subdivision 3 of section 620 of the Labor Law provides, in relevant part, that the decision of an administrative law judge is final unless an appeal is taken to the Board in accordance with article 18 of the Labor Law or "unless the board on its own motion or on application duly made to it modify or *rescind* [sic] such decision" (emphasis added). Section 534 of the Labor Law also provides that the Board may rescind certain of its decisions on its own motion or on application duly made to it. This power of the Board to reopen or rescind a prior decision has been held to be limited by the bounds of discretion (*Matter of Piro* [*Ross*], 76 AD2d 940, 941; *Matter of Sinacori* [*Levine*], 46 AD2d 973, 974). ¶ In the instant case, we perceive no abuse in the exercise of this discretion vested in the Board. The Commissioner, based on new information obtained from the investigation of article 28 violations by the employer, decided that her initial determinations disqualifying claimant from receiving benefits were erroneous and did not correctly represent her position. The Commissioner is vested with the dual authority to administer the Unemployment Insurance Law (Labor Law, art 18) and to effectuate the purposes of article 28 of the Labor Law (§§ 530, 881). Logic therefore requires that the Commissioner take a consistent position whenever possible in respect to the application and enforcement of the laws affecting the various divisions within the Department of Labor. To this end, she made application to the Board requesting that the decision of the administrative law judge be reopened and rescinded, and that she be permitted to withdraw the initial determinations disqualifying claimant. In granting this application, the Board cannot be said to have acted irrationally or without authority. The Board had a valid and rational reason for granting the application of the Commissioner. ¶ The employer, in its argument, misconstrues what occurred. Here the Board did not decide the appeal on its merits. It merely exercised its continuing jurisdiction to reopen and rescind a decision of the administrative law judge. The exercise of that discretionary power was within proper bounds. The Commissioner then had the authority to withdraw the initial determinations disqualifying claimant pursuant to section 530 and subdivision 1 of section 597 of the Labor Law. Once the initial claims were withdrawn, the employer could then challenge the new award of benefits made by the Commissioner (Labor Law, § 620, subd 1). ¶ In her brief on appeal, the Commissioner concedes that the right to challenge the award of benefits has been exercised and/or preserved by the employer. Although it would have been preferable to allow the employer a reasonable opportunity to respond to the Commissioner's request to reopen and to reply to the content of that request, no error occurred in failing to do so since the employer may still obtain a further hearing on the merits of the resultant award of benefits to claimant. ¶ Decision affirmed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.