■ In the Matter of DIALOGUE SYSTEMS, INC., Appellant. JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [647 NYS2d 300] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 28, 1994, which, inter alia, rescinded the decision of the Administrative Law Judge and remanded the case for further development of the record.

As the result of an audit, Dialogue Systems, Inc. was assessed additional unemployment contributions totaling $108,302.24 for payments it made to certain workers it retained to perform various services. The workers who were the subject of the audit included messengers, proofreaders, consultants, writers, editors, artists, designers, illustrators, copy editors, researchers, map specialists, photographers, programmers and sales representatives. After a hearing, an Administrative Law Judge (hereinafter ALJ) determined that all of the workers, except for the messengers, were independent contractors and, therefore, overruled the initial determination assessing Dialogue for additional unemployment insurance contributions, with the exception of those contributions attributable to the messengers.* The Commissioner of Labor appealed the ALJ's decision to the Board which, inter alia, rescinded the ALJ's decision and remanded the case for further development of the record. This appeal by Dialogue ensued.

Initially, on this interlocutory appeal, we need only consider whether the Board properly remanded the case to the ALJ for further development of the record. Based upon our review of the record before us, we conclude that it did. The only person to testify at the hearing on behalf of Dialogue was Gideon Rothschild, Dialogue's attorney and accountant. While Rothschild stated that he was familiar with Dialogue's operations, there were many instances during the hearing when he indicated a lack of knowledge of important aspects of the various classifications of workers' job duties, their remuneration and the degree of supervision and control exercised by Dialogue. Since such information was essential to determining whether these workers were employees or independent contrac-

---

* Diaglogue later stipulated that messengers were its employees and withdrew its objection to the inclusion of map specialists.

tors, we find no abuse of discretion in the Board's decision to remand the case to the ALJ for further development of the record (*see,* Labor Law § 621 [3]). We decline to address the merits of the case or the precedential effect of the Board's prior decision involving a predecessor of Dialogue until the Board has rendered a final decision upon a fully developed record.

Cardona, P. J., Mikoll, Casey, Yesawich Jr. and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.