■ In the Matter of RONGOVIAN EMBASSY, INC., Appellant. JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [657 NYS2d 248] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 25, 1996, which rescinded the decision of the Administrative Law Judge and remitted the case for further development of the record.

As the result of an audit, Rongovian Embassy, Inc. was assessed additional unemployment insurance contributions totaling $1,586 for the musicians who performed at its bar and restaurant. After a hearing, an Administrative Law Judge (hereinafter ALJ) determined that Rongovian was not an employer of the musicians within the meaning of Labor Law § 511 and overruled the initial determination. The Commissioner of Labor appealed the ALJ's determination and the Unemployment Insurance Appeal Board rescinded the ALJ's decision and remitted the case to correct a procedural error and to determine whether the musicians were statutory employees under Labor Law § 511 (1) (b) (1-a). This appeal by Rongovian ensued.

Because the Board may remit a case "for such purposes as it may direct" (Labor Law § 621 [3]), our inquiry is limited to whether it abused its discretion in remitting this case to the ALJ (see, Matter of Dialogue Sys. [Sweeney], 231 AD2d 756; Matter of Centrone [Vulcan Fuel Corp.—Roberts], 102 AD2d 969, 970). There is no dispute that the ALJ committed a procedural error by not advising Rongovian that it had the right to request that the field auditor be subpoenaed to testify. We agree with Rongovian that the Board abused its discretion in rescinding the ALJ's decision in its favor on this basis since it was not prejudiced by the ALJ's omission. We nevertheless affirm since we agree that it is unclear as to whether the ALJ considered the issue of whether the musicians were statutory employees.

Crew III, J. P., White, Yesawich Jr., Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.