■ In the Matter of the Claim of SHARON FOSTER, Appellant. BOARD OF EDUCATION OF THE CARTHAGE CENTRAL SCHOOL DISTRICT, Respondent; COMMISSIONER OF LABOR, Respondent. [692 NYS2d 525] —Mikoll, J. P. Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 19, 1998, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Following a hearing on charges of misconduct pursuant to Civil Service Law § 75, claimant's employment as a school bus driver was terminated. Her application for unemployment in-

surance benefits was denied on the ground that she had lost her employment due to misconduct, but the initial determination was overruled by an Administrative Law Judge (hereinafter ALJ). On appeal, the Unemployment Insurance Appeal Board rescinded the ALJ's decision and remitted the matter for further development of the record. Upon remittal, a different ALJ conducted further hearings and concluded that he was bound by the factual findings from the Civil Service Law § 75 proceeding. Based upon those findings, the ALJ determined that claimant's conduct in backing up a school bus on a State highway, a maneuver she performed a number of times despite knowing that it was unsafe, constituted disqualifying misconduct. The Board affirmed.

There is no merit to claimant's contention that the first ALJ's decision, which overruled the initial determination, is binding on the parties. That decision was rescinded by the Board and the matter was remitted for further development of the record. The Board clearly had the authority to rescind the ALJ's decision and remit the matter for such purposes as it may direct (see, Labor Law § 620 [3]; § 621 [3]). The relevant inquiry is whether the Board abused its discretion in exercising its authority to rescind and remit (see, Matter of Rongovian Embassy [Sweeney], 239 AD2d 779). Inasmuch as the Board acted in this case because a complete transcript of the initial hearing was unavailable due to a partially blank cassette tape recording of the proceeding and because the Board wanted additional testimony and evidence on certain issues, there was no abuse of discretion (see, Matter of Huntt [Sweeney], 239 AD2d 644).

Claimant's final contention, that she did not get a fair hearing before the second ALJ because she was not permitted to present a witness who was available to testify, lacks merit. The witness's testimony was irrelevant once the ALJ concluded that the underlying facts had been established by the final determination in the Civil Service Law § 75 proceeding. In that proceeding, claimant, who was represented by counsel, had a full and fair opportunity to litigate the factual issues upon which the charges of misconduct were based. The factual findings made therein were, therefore, entitled to collateral estoppel effect and claimant was precluded from relitigating the factual issues (see, Matter of Ranni [Ross], 58 NY2d 715, 717-718).

We have reviewed claimant's other arguments and find them unavailing.

Mercure, Crew III, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.