■ In the Matter of the Claim of STEPHEN E. BARR, Appellant. COMMISSIONER OF LABOR, Respondent. [703 NYS2d 825] —Mercure, J. P. Appeal (1) from a decision of the Unemployment Insurance Appeal Board, filed January 16, 1998, which, *inter alia*, ruled that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed, and (2) from a decision of said Board, filed September 3, 1999, which, *inter alia*, upon reconsideration, modified its prior decision.

We reject claimant's attacks on the decisions of the Unemployment Insurance Appeal Board finding that claimant was ineligible to receive benefits because he was not totally unemployed during a period when he worked as a part-time tax preparer and charging him with recoverable overpayments totaling $2,925 based upon his willful misrepresentations.* We conclude that the proceedings were conducted in a timely fashion and that the Board's determinations are supported by substantial evidence, and accordingly affirm the Board's decision.

---

* We note that, upon application of the Commissioner of Labor, the Board issued the September 1999 decision modifying the January 1998 decision to the extent of reducing the recoverable overpayment amount and penalty days, but made no change to the underlying finding of ineligibility.

Initially, we note that the one-year Statute of Limitations of Labor Law § 597 (3) does not apply in a case, as this one, where review is based upon a claimant's willful misrepresentations (*see, Matter of Farina [Ross]*, 83 AD2d 671, 672; *Matter of Soto [Catherwood]*, 35 AD2d 395, 396). Further, neither the two-year period set forth in Labor Law § 594 nor the three-year limitations period under CPLR 214 (2) have any application to an action by the State to recover benefits improperly paid out due to fraud (*see, Matter of Soto [Catherwood], supra*, at 396). To the contrary, the six-year Statute of Limitations of CPLR 213 controls (*see, People v Duggan*, 30 AD2d 736).

Next, in view of the uncontradicted evidence that claimant worked for H & R Block, Inc. from January 1993 to April 1993, that he periodically submitted coupons certifying that he had not performed any work during the relevant period (*see, Matter of Le Pore [Sweeney]*, 248 AD2d 783, 784; *Matter of Bogdan [Sweeney]*, 223 AD2d 902) and that he received training or educational materials articulating that such disclosures must be made (*see, Matter of Pinto [Commissioner of Labor]*, 258 AD2d 804, 805; *Matter of Silverstein [Sweeney]*, 236 AD2d 757, 758), we conclude that there is substantial evidence in the record to support the finding that claimant willfully made false statements to receive unemployment insurance benefits. Further, claimant's assertion that he failed to disclose the employment information based upon the erroneous advice of an employee of the Department of Labor merely created a credibility issue for resolution by the Board (*see, Matter of Pittman [Commissioner of Labor]*, 252 AD2d 723, 724; *Matter of Silverstein [Sweeney], supra*, at 758-759). Claimant's additional contentions have been considered and found to be unavailing.

Crew III, Peters, Spain and Mugglin, JJ., concur. Ordered that the decisions are affirmed, without costs.