■ In the Matter of the Claim of KAREN M. AURES, Respondent. BUFFALO BOARD OF EDUCATION, Appellant; COMMISSIONER OF LABOR, Respondent. [708 NYS2d 347] —Crew III, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 18, 1998, which, upon granting the employer's application for reconsideration, adhered to its prior decision denying the employer's application for reconsideration of a prior decision ruling that claimant was eligible for unemployment insurance benefits.

At the conclusion of the 1996-1997 academic year claimant, one of numerous temporary teachers who worked for the employer during that time period, filed an application for unemployment insurance benefits. Finding that claimant had

received reasonable assurances of continued employment, the local unemployment insurance office determined that she was ineligible to receive the requested benefits. At the conclusion of the administrative hearing that followed, at which the employer failed to appear, an Administrative Law Judge overruled the initial determination and ruled that claimant was eligible to receive benefits. Ultimately, the Unemployment Insurance Appeal Board affirmed the Administrative Law Judge's decision denying the employer's application to reopen. Upon granting the employer's application for reconsideration, the Board adhered to its prior decision, prompting this appeal.

We affirm. Whether to grant an application to reopen lies within the discretion of the Board and, absent an abuse of such discretion, the Board's decision will not be disturbed (*see, Matter of De Prima [Commissioner of Labor]*, 260 AD2d 715, *appeal dismissed* 93 NY2d 1040). Based upon our review of the record as a whole, we cannot conclude that the Board abused its discretion here.

The primary reason advanced by the employer for its failure to attend the subject hearings was the unavailability of certain key witnesses. Those witnesses, however, were under the employer's control. Having elected to assign such witnesses to their regular duties rather than directing them to attend the scheduled hearings, the employer cannot now be heard to complain. The employer's remaining contentions, to the extent that they are properly before this Court, have been examined and found to be lacking in merit.

Mercure, J. P., Peters, Spain and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.