■ In the Matter of the Claim of JOANN A. SORSBY, Respondent. JOHN WHITAKER et al., Doing Business as COLONIAL COURT MOTEL, Appellants; COMMISSIONER OF LABOR, Respondent. [714 NYS2d 834] —Peters, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 13, 1999, which, upon reconsideration, rescinded its prior decisions and ruled that claimant was eligible to receive unemployment insurance benefits because she had sufficient weeks of covered employment to file a valid original claim.

In October 1995, claimant entered into a lease agreement pursuant to which she agreed to rent an apartment connected to the office of the employer's seasonal motel and to provide services at the motel in exchange for payment at a specified hourly rate. At the conclusion of the 1996 season, claimant was evicted from the apartment without having been remunerated for her services and filed an original claim for unemployment insurance benefits, thereby establishing a base period from September 18, 1995 through September 15, 1996. The Unemployment Insurance Appeal Board initially denied the claim on the ground that no employment relationship existed. Following a decision by the Industrial Board of Appeals (hereinafter IBA) that claimant was an employee for purposes of granting her claim against the employer for back wages, the Board granted the Commissioner of Labor's application to reopen its prior decisions and remitted the matter for a further hearing. Thereafter, the Board afforded deference to the IBA's factual findings, rescinded its prior decisions and ruled that an employment relationship existed such that claimant had sufficient weeks of covered employment within the base period to file a valid original claim. The employer appeals.

We affirm. Initially, we reject the employer's contention that the Board erred in reopening its decision and remitting the matter for an additional hearing. Whether to grant an applica-

tion to reopen is a discretionary Board decision which, absent an abuse of discretion, will not be disturbed (*see, Matter of Sorge [Commissioner of Labor]*, 268 AD2d 668; *Matter of Trincere [Sweeney]*, 235 AD2d 904). Under the circumstances presented here, the record reveals no abuse of discretion in the Board's decision to reopen in order to accept the IBA's decision into evidence (*see, Matter of Farina [Ross]*, 83 AD2d 671, 672; *see also, Matter of Aures [Buffalo Bd. of Educ.—Commissioner of Labor]*, 272 AD2d 664; *Matter of Boone [Shore Road Community Serv.—Sweeney]*, 245 AD2d 617, 620). Moreover, once the Board considered the IBA's decision it was entitled to adopt the IBA's factual findings, which were made following a full adversary hearing at which the parties were given the opportunity to litigate the same issues presented here (*see generally, Matter of Foster [Board of Educ.—Commissioner of Labor]*, 262 AD2d 899, 900, *lv denied* 94 NY2d 760; *Matter of Foldes [Sweeney]*, 241 AD2d 742; *Matter of Fox [New York City Dept. of Hous. Preservation & Dev.—Sweeney]*, 233 AD2d 645), and to rescind its own prior decisions based upon the conclusion that they were erroneous (*see, Matter of Boone [Shore Road Community Serv.—Sweeney]*, *supra*; *Matter of Centrone [Vulcan Fuel Corp.—Roberts]*, 102 AD2d 969).

The employer's remaining contentions have been considered and rejected as lacking in merit.

Cardona, P. J., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.