Matter of Schuler (Lasership, Inc.--Commissioner of Labor) (2019 NY Slip Op 06663)





Matter of Schuler (Lasership, Inc.--Commissioner of Labor)


2019 NY Slip Op 06663


Decided on September 19, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 19, 2019

527880

[*1]In the Matter of the Claim of Jeffrey M. Schuler, Respondent. Lasership, Inc., Appellant. Commissioner of Labor, Respondent.

Calendar Date: August 30, 2019

Before: Lynch, J.P., Clark, Mulvey, Devine and Aarons, JJ.


Phillips Lytle LLP, Buffalo (James R. Grasso of counsel), for appellant.
Catherine A. Barber, Guilderland, for Jeffrey M. Schuler, respondent.
Letitia James, Attorney General, New York City (Mary Hughes of counsel), for Commissioner of Labor, respondent.



Appeals from two decisions of the Unemployment Insurance Appeal Board, filed May 9, 2018, which denied the application by LaserShip, Inc. to reopen and reconsider two prior decisions.
Based on services as a delivery driver and courier provided to LaserShip, Inc., claimant filed an application for unemployment insurance benefits. The Department of Labor determined that LaserShip exercised or reserved the right to exercise sufficient direction and control over the work being performed by claimant to establish an employment relationship, and LaserShip requested a hearing to challenge the determination. On March 25, 2016, an Administrative Law Judge (hereinafter the ALJ) issued a decision holding LaserShip in default because its witness failed to appear, and the ALJ sustained the Department's initial determination. By letter dated April 25, 2016, LaserShip filed an application to reopen, and, following a hearing, the ALJ denied LaserShip's application to reopen, finding that the witness's purported unavailability did not constitute good cause for his nonappearance. On administrative appeal, the Unemployment Insurance Appeal Board affirmed, and LaserShip appeals.
We affirm. "A case may be reopened following a default upon a showing of good cause if such request is made within a reasonable time" (Matter of Browne [Nassau BOCES-Commissioner of Labor], 153 AD3d 1073, 1074 [2017] [internal quotation marks, brackets and citations omitted]; see 12 NYCRR 461.8; Matter of Barto [Commissioner of Labor], 110 AD3d 1418, 1419 [2013]). "The Board's decision to grant or deny an application to reopen is within the discretion of the Board and, absent a showing that the Board abused its discretion, its decision will not be disturbed" (Matter of Vitomsky [Commissioner of Labor], 171 AD3d 1388, 1389 [2019] [internal quotation marks and citations omitted]; see Matter of Sunny's Limousine Serv. Inc. v New York State Dept. of Labor, 172 AD3d 585, 586 [2019]; Matter of Green [Village of Hempstead-Commissioner of Labor], 80 AD3d 954, 954 [2011]; see generally Labor Law § 534; 12 NYCRR 463.6 [a]).
LaserShip's witness, a regional manager, testified that he was unable to attend the subject hearing on March 24, 2016 because he, along with other regional managers, had to attend a client's last-minute mandatory meeting. LaserShip sent a letter to the ALJ the day before the hearing advising that its witness could not attend, but there is no record evidence that LaserShip made any attempt to reschedule the client meeting or to ascertain whether the attendance of the other regional managers would be sufficient so that its witness could attend the hearing (see Matter of Albanese [Commissioner of Labor], 304 AD2d 945, 946 [2003]). We also find it significant that LaserShip waited a month after the ALJ's decision holding it in default before requesting reopening (compare Matter of Gooch [Paul A. Boronow, P.C.-Commissioner of Labor], 107 AD3d 1292, 1292 [2013]). Accordingly, on this record, we cannot say that the Board abused its discretion in denying LaserShip's application to reopen (see Matter of Aures [Buffalo Bd. of Educ.-Commissioner of Labor], 272 AD2d 664, 664 [2000]).
Lynch, J.P., Clark, Mulvey, Devine and Aarons, JJ., concur.
ORDERED that the decisions are affirmed, without costs.