Matter of Leone (Woodmere Florist, Ltd.--Commissioner of Labor) (2020 NY Slip Op 00899)





Matter of Leone (Woodmere Florist, Ltd.--Commissioner of Labor)


2020 NY Slip Op 00899


Decided on February 6, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 6, 2020

528855

[*1]In the Matter of the Claim of Claire Leone, Respondent. Woodmere Florist, Ltd., Appellant. Commissioner of Labor, Respondent.

Calendar Date: January 14, 2020

Before: Clark, J.P., Devine, Aarons, Pritzker and Reynolds Fitzgerald, JJ.


William E. Nelson, Woodmere, for appellant.
Salvatore C. Adamo, Albany, for Claire Leone, respondent.



Reynolds Fitzgerald, J.
Appeal from a decision of the Unemployment Insurance
Appeal Board, filed October 2, 2018, which, upon reconsideration, among other things, ruled that claimant was entitled to receive unemployment insurance benefits.
Claimant worked as a designer for a florist shop. During one of the busy days before a holiday, claimant and the florist's owner got into a disagreement and claimant was told to "just go home," which claimant interpreted as a discharge from her employment. Following claimant's application for unemployment insurance benefits, the Department of Labor issued an initial determination that claimant was entitled to receive benefits as she did not voluntarily quit her job but was discharged under nondisqualifying conditions. The employer objected and, following hearings, an Administrative Law Judge (hereinafter ALJ) held that claimant was disqualified from receiving benefits because she voluntarily separated from her employment without good cause. Upon administrative review, the Unemployment Insurance Appeal Board adopted the findings of the ALJ. Although claimant's first application to reopen and reconsider was denied by the Board, the Board granted claimant's second application to reopen and reconsider. Upon reconsideration, the Board rescinded its prior decisions, reversed the ALJ's decision and determined that claimant was entitled to receive benefits on the basis that she did not voluntarily leave her employment but was discharged under nondisqualifying conditions. The employer appeals.
We affirm. Initially, we reject the employer's contention that the Board should not have granted claimant's request to reopen and reconsider its prior decisions. "The decision as to whether to grant an application to reopen a decision is within the sound discretion of the Board and, absent a showing that it abused that discretion, its decision will not be disturbed" (Matter of Childs [Kaleida Health-Commissioner of Labor], 69 AD3d 1070, 1071 [2010] [citations omitted], lv dismissed 18 NY3d 837 [2011]; see 12 NYCRR 463.6; Matter of Wood [Commissioner of Labor], 24 AD3d 854, 854 [2005]). Here, the employer failed to demonstrate an abuse of discretion by the Board (see Matter of Childs [Kaleida Health-Commissioner of Labor], 69 AD3d at 1071). The employer contends that its due process rights were violated because the Board reopened for reconsideration its prior decisions without providing the employer with proper notice and an opportunity to object. 12 NYCRR 463.6 (a) provides that, "[o]n its own motion or on application duly made to it, the [B]oard, in its discretion, may reopen a decision. . . . If an application is not denied by an order of the [B]oard for this reason, notice of reopening or notice or receipt of the application to reopen shall be sent to all parties and their duly designated representatives." Here, the Board sent to the employer a statutorily-required notice of reopening and the employer was given an opportunity to submit a response. As such, there is no evidence to support the employer's allegations that its due process rights were violated. Relatedly, the employer also contends that the Board abused its discretion in reopening to reconsider its prior decisions because it had no basis to reopen the decisions and failed to state reasons therefor. However, the record indicates that the Board reopened and reconsidered its prior decisions because it "did not give specific weight to the specific circumstances that gave rise to . . . claimant's separation from employment." The inclusion of this reason in the decision sufficiently complies with the statutory requirements (see 12 NYCRR 463.6 [d]), and the employer failed to show that the Board otherwise abused its discretion (see Matter of Childs [Kaleida Health-Commissioner of Labor], 69 AD3d at 1071; Matter of Sorsby [Whitaker-Commissioner of Labor], 277 AD2d 618, 619 [2000]).
As to "[w]hether a claimant has voluntarily left his or her employment without good cause[, this] is a factual issue for the Board to resolve and its decision will be upheld if supported by substantial evidence" (Matter of Xavier [Commissioner of Labor], 172 AD3d 1812, 1813 [2019] [internal quotation marks and citations omitted]; see Matter of Peichun Huang [Commissioner of Labor], 155 AD3d 1235, 1235 [2017]). The record reflects that claimant worked as a designer for the employer Monday to Friday from 9:00 a.m. to 5:00 p.m., Saturday from 9:00 a.m. to 3:00 p.m. and overtime on holidays. On the day before Mother's Day in 2017, at about 1:00 p.m., claimant's son called her to inquire what time she would be done with work. Claimant then asked her coworker and the owner what time she would be done, and the owner replied that she did not know as the orders were still coming in. The owner then stated that claimant "always wants to do this" — leave early when the work is busy. Some additional exchange ensued between the owner and claimant, and the owner told claimant to "just go home." Claimant then inquired if she was being fired, and the owner replied, "[J]ust leave." As claimant was walking out the door, she stated, "I guess I'm being fired," and the owner again responded, "[J]ust go home." Claimant left around 1:30 p.m. that day, believing that she was fired. We find that the foregoing constitutes substantial evidence to support the Board's decision that claimant did not voluntarily leave her employment (see Matter of Parry [Levi-Commissioner of Labor], 47 AD3d 1038, 1038 [2008], lv denied 10 NY3d 708 [2008]; Matter of Fahey [Youner-Commissioner of Labor], 41 AD3d 1124, 1125 [2007]). To the extent that some testimony of the circumstances leading to claimant's leaving differed from that of claimant, this conflict created a credibility issue for the Board to resolve (see Matter of Parry [Levi-Commissioner of Labor], 47 AD3d at 1038; Matter of Crespo [Upton, Cohen & Slamowitz-Commissioner of Labor], 251 AD2d 842, 843 [1998]).
Finally, the employer contends that there was an unlawful ex parte communication between the Board and the Governor. The record reflects that the Board treated claimant's handwritten letter directed to "Govener [sic] Cuomo" as an application to reopen. However, claimant might have sent this letter to the Board herself and, further, this argument is based on pure speculation, as there is no evidence in the record that the Board and the Governor engaged in unlawful ex parte communication. To the extent that the employer's remaining contentions are not addressed, they have been considered and found to be without merit.
Clark, J.P., Devine, Aarons and Pritzker, JJ., concur.
ORDERED that the decision is affirmed, without costs.