Matter of Frederick (Commissioner of Labor) (2021 NY Slip Op 05061)





Matter of Frederick (Commissioner of Labor)


2021 NY Slip Op 05061


Decided on September 23, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:September 23, 2021

532981
[*1]In the Matter of the Claim of Kathy L. Frederick, Appellant. Commissioner of Labor, Respondent.

Calendar Date:September 3, 2021

Before:Garry, P.J., Egan Jr., Aarons, Reynolds Fitzgerald and Colangelo, JJ.

Kathy L. Frederick, Buffalo, appellant pro se.
Letitia James, Attorney General, New York City (Linda D. Joseph of counsel), for respondent.



Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 5, 2020, which ruled, among other things, that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.
Claimant was employed as a probationary teacher from December 11, 2019 through January 31, 2020. On January 29, 2020, she sent an email to the school principal resigning, advising that January 31, 2020 would be her last day, without providing a reason. Claimant thereafter applied for unemployment insurance benefits, reporting that she had quit for safety reasons because she had been caught in the middle of a verbal fight between two students, in which she had been "jostled around." Claimant collected, among other things, $8,400 in federal pandemic unemployment compensation benefits under the Coronavirus Aid, Relief, and Economic Security Act, more commonly known as the CARES Act, enacted on March 27, 2020 (see 15 USC § 9021, as added by Pub L 116-136, 134 Stat 323). The Department of Labor held that claimant was disqualified from receiving benefits because she had voluntarily separated from her employment without good cause, and charged her with overpayments of $8,400 under the federal statute (see 15 USC § 9023 [f] [2]).
At claimant's request, a hearing was held at which she testified that she resigned for safety reasons in response to the verbal fight between students in mid-December 2019 and the general misbehavior of students. She testified that security had responded to the incident and that she had filed an incident report with school administrators. She continued to work until the end of January 2020 but did not attempt to discuss the incident with the school principal or assistant principals, although she attended regular meetings with one of the assistants, and she did not file a grievance with her union. In contrast, the principal and one of the assistant principals testified that they never received an incident report and neither they nor any other administrator or security personnel was ever informed of an incident in December 2019 involving a physical confrontation between students and a teacher, which would have triggered certain protocols and student suspensions. The Administrative Law Judge upheld the initial determination, discrediting claimant's testimony that she feared for her safety and filed an incident report, finding that she did not have good cause for her resignation, and the Unemployment Insurance Appeal Board affirmed. Claimant appeals.
We affirm. Substantial evidence supports the Board's decision that claimant voluntarily separated from her employment without good cause (see Labor Law § 593 [1] [a]). "Whether a claimant has voluntarily left his or her employment without good cause is a factual issue for the Board to resolve and its decision will be upheld if supported by substantial evidence" (Matter of Vargas [Mason ESC LLC-Commissioner of [*2]Labor], 185 AD3d 1339, 1340 [2020] [internal quotation marks and citation omitted]; see Matter of Leone [Woodmere Florist, Ltd.-Commissioner of Labor], 180 AD3d 1124, 1126 [2020]). Given the conflicting testimony and the fact that claimant waited six weeks after the December 2019 incident to resign, the question as to whether she genuinely feared for her safety, ever officially reported the incident or sought assistance to address problems in her classroom "presented a credibility issue that the Board was free to resolve in the employer's favor" (Matter of Baxter [Commissioner of Labor], 162 AD3d 1451, 1452-1453 [2018]; see Matter of Colon [Staffing Solutions Org. LLC-Commissioner of Labor], 179 AD3d 1417, 1418 [2020]). Accordingly, we discern no basis upon which to disturb the Board's finding that claimant voluntarily left her employment without good cause while continuing work was available, and she was therefore not entitled to unemployment insurance benefits.
Under these circumstances, the Board's further determination that claimant received benefits to which she was not entitled, thereby allowing for recoverable overpayments, is also supported by substantial evidence (see 15 USC § 9023 [f] [2]). Claimant's remaining contentions are either not properly before us or lack merit.
Garry, P.J., Egan Jr., Aarons, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the decision is affirmed, without costs.