■ In the Matter of the Claim of BAUDILIO ORELLANA, Appellant. ROBBINS MBW CORPORATION, Doing Business as ROBBINS MEN'S & BOY'S WEAR, Respondent. LILLIAN ROBERTS, as Commissioner of Labor, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 21, 1982, which ruled that claimant was disqualified from receiving benefits because he lost his employment due to misconduct. Claimant's employment was terminated following a fight during working hours between him and a coemployee. The local office determined that claimant was disqualified from receiving unemployment benefits due to misconduct. Following a hearing at which only the claimant appeared, the hearing officer rendered a decision overruling the initial determination after finding that claimant's actions were in self-defense. It appears that the employer had written a letter prior to the hearing explaining that it would be unable to attend which did not reach the hearing officer until after he had made his decision. The hearing officer, therefore,

granted an application by the employer to reopen the case and a new hearing was scheduled. At the rescheduled hearing, only the employer appeared. Due to evidence introduced which indicated that claimant's behavior during the fight exhibited an excessive and violent assault and was not merely in self-defense, the hearing officer changed her initial position and sustained the local office's determination denying benefits due to misconduct. Claimant then applied to reopen the case. In support of his application, claimant submitted a copy of an airline ticket which indicated that he was out of the country from two days before the notice of the rescheduled hearing was mailed until the day after the hearing was conducted. This application to reopen was denied and the decision denying benefits was upheld by the board. On this appeal, claimant argues that he was denied due process and a fair hearing by being refused benefits on the basis of evidence which·he did not have an opportunity to challenge. We agree. Under the circumstances of this case, the hearing officer abused her discretion in failing to grant claimant's application to reopen the matter (see 12 NYCRR 461.8). Since the hearing officer had initially found in favor of claimant, it is apparent that it was evidence introduced at the second hearing which caused the hearing officer to change her position and find claimant disqualified from receiving benefits due to misconduct. Where, as here, claimant has made a prima facie showing that his absence from the rescheduled hearing was excusable, the denial of benefits based on evidence introduced thereat was in violation of claimant's right of cross-examination (State Administrative Procedure Act, § 306, subd 3; 12 NYCRR 461.4 [c]; see *Matter of Angelo [Ross]*, 78 AD2d 572). Accordingly, the decision should be reversed and the matter remitted for a new hearing. Decision reversed, with costs to claimant against the employer, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith. Mahoney, P. J., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.