■ In the Matter of the Claim of RAFAEL RIVERA, Respondent. KING TUT BOUTIQUE, 3-S FASHION, INC., Appellant; THOMAS F. HARTNETT, as Commissioner of Labor, Respondent. —Levine, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 31, 1988, which denied the employer's application for reopening and reconsideration of a prior decision of the Board.

Claimant filed a claim for unemployment insurance benefits in June 1986 but was ruled ineligible by an initial determination which found that claimant had insufficient weeks of employment during the base period. Claimant appealed and hearings were held in which claimant testified that he had worked for his employer since April 1985. The employer, however, testified that claimant was not hired until January 1986. The employer was not present at the last hearing although a representative had attended two prior hearings. Following the conclusion of the hearings, the Administrative Law Judge (hereinafter ALJ) affirmed the initial determination denying claimant benefits. The Unemployment Insurance Appeal Board, in a decision filed July 13, 1987, reversed the ALJ's findings and awarded claimant benefits. Thereafter, by a letter dated November 3, 1987, the employer applied to the Board for reopening and reconsideration of the decision. The Board denied the application and this appeal ensued.

At the outset, we note that because the employer failed to apply for reopening within 30 days of the decision awarding claimant benefits, the merits of that decision are not before us on appeal (see, Matter of De Siato [Ross], 74 AD2d 988). Hence, our review is limited to the question of whether the Board's denial of the application for reopening constituted an abuse of discretion. The employer contends that the Board erred in refusing to reopen the case since Fatola Hassaneau, the individual who appeared on behalf of the employer, was unable to attend the last hearing because she was hospitalized as the result of a car accident. Hassaneau, however, had been present and gave testimony at the two prior hearings. In addition, the employer failed to request an adjournment at the time of the hearing or shortly thereafter and the Board was not informed of Hassaneau's incapacity until months after its reversal of the ALJ's decision. Moreover, the employer provided no explanation for its delay in requesting reopening (see, 12 NYCRR 463.6 [b]), nor did it submit any evidence support-

ing its contention that Hassaneau was hospitalized with serious injuries when the last hearing was held *(cf., Matter of Orellana [Robbins MBW Corp.—Roberts]*, 91 AD2d 1120, 1121). Based on the foregoing, we do not find that the Board abused its discretion in denying the application to reopen.

Decision affirmed, with costs. Mahoney, P. J., Casey, Mikoll, Levine and Harvey, JJ., concur.