■ In the Matter of the Claim of DEOINES MONROE, Appellant. COMMISSIONER OF LABOR, Respondent. [874 NYS2d 277]—Ap-

peal from a decision of the Unemployment Insurance Appeal Board, filed December 11, 2007, which denied claimant's application to reopen a prior decision.

By decision filed March 27, 2006, an Administrative Law Judge (hereinafter ALJ) ruled that claimant, a security officer, was ineligible to receive unemployment insurance benefits because he lost his employment through misconduct. Claimant purportedly appealed the ALJ's decision to the Unemployment Insurance Appeal Board and, more than one year later, inquired and was advised that the Board had no record of his appeal. Thereafter, in July 2007, claimant sought to reopen the ALJ's March 2006 decision. The ALJ denied claimant's application, finding that claimant failed to demonstrate good cause for the approximately 16-month delay that had ensued. The Board affirmed the ALJ's decision, prompting this appeal.

We affirm. The decision to grant an application to reopen is a matter committed to the sound discretion of the Board and, absent an abuse of that discretion, such decision will not be disturbed (*see Matter of Spencer [Commissioner of Labor]*, 49 AD3d 1047, 1047-1048 [2008]; *Matter of Maymi [Commissioner of Labor]*, 42 AD3d 845, 846 [2007]). Claimant's proffered excuse for failing to attend the initial hearing is that he inadvertently took the wrong train to the hearing location. Under such circumstances, we cannot say that the Board abused its discretion in denying claimant's application (*cf. Matter of Chanthyasack [Commissioner of Labor]*, 37 AD3d 963, 964 [2007]).

Cardona, P.J., Mercure, Lahtinen, Stein and McCarthy, JJ., concur. Ordered that the decision is affirmed, without costs.