■ In the Matter of the Claim of MARILYN LEE, Appellant. COMMISSIONER OF LABOR, Respondent. [922 NYS2d 880]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 26, 2010, which, among other things, denied claimant's application to reopen a prior decision.

Claimant filed an application for unemployment insurance benefits effective December 4, 2000. Thereafter, in 2002, the Department of Labor mailed notices of determinations to claimant at a South Carolina address which, among other things, disqualified her from receiving benefits. Claimant responded by faxing a letter from a post office in the locality in South Carolina where the notices of determination had been sent which explained the circumstances of her cessation of employment. The Department scheduled a hearing for October 10, 2002 and sent a notice of such to claimant at the South Carolina address. She did not appear and, as a result, a default decision was rendered by an Administrative Law Judge (hereinafter ALJ). Many years later, in December 2008, claimant faxed a request to the Department to reopen the ALJ's default decision. A hearing was scheduled for April 4, 2009 and, when claimant again failed to appear, the ALJ issued a second default decision.

Thereafter, claimant applied to reopen both of the ALJ's default decisions, and hearings regarding the same were conducted later in 2009. At the conclusion of the hearings, the ALJ granted claimant's application to reopen the second default decision upon finding that her release from the hospital the day of the second hearing constituted good cause for her failure to appear. The ALJ, however, denied claimant's application to reopen the first default decision upon finding that she failed to put forth a good excuse for her failure to appear at the October 2002 hearing and that her nearly seven-year delay in seeking reopening was unreasonable. The Unemployment Insurance Appeal Board affirmed this decision, resulting in this appeal.

At issue is the propriety of the Board's denial of claimant's

application to reopen the ALJ's first default decision. Initially, we note that "[t]he decision to grant an application to reopen is a matter committed to the sound discretion of the Board and, absent an abuse of that discretion, such decision will not be disturbed" (*Matter of Monroe [Commissioner of Labor]*, 59 AD3d 836, 837 [2009], *lv dismissed* 13 NY3d 879 [2009]; *see Matter of Childs [Kaleida Health—Commissioner of Labor]*, 69 AD3d 1070, 1071 [2010]). Here, claimant testified that she did not appear at the October 2002 hearing because she did not receive notice of the same and never resided in South Carolina. Her testimony, however, is contradicted by documentation establishing that her initial response to the notices of determination was faxed to the Department from the location in South Carolina where the notices of determination were sent. It was the province of the Board to weigh the conflicting evidence contained in the record and credit that which it found more credible (*see Matter of Augustine [Commissioner of Labor]*, 27 AD3d 937, 938 [2006]). In view of this, as well as the lack of any compelling explanation for the substantial delay in claimant's request to reopen, we find no abuse of discretion in the Board's denial of her application to reopen the first default decision. Therefore, we need not address the merits of her claims.

Peters, J.P., Rose, Malone Jr., Stein and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.