■ In the Matter of the Claim of DAVID A. BARTO, Appellant. COMMISSIONER OF LABOR, Respondent. [973 NYS2d 882]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 28, 2012, which, among other things, denied claimant's application to reopen a prior decision.

On June 13, 2008, the Department of Labor issued an initial determination which, among other things, found that claimant was ineligible to receive unemployment insurance benefits for various time periods and charged him with a recoverable overpayment of $37,867.50. Although a hearing was scheduled for August 18, 2008, claimant advised the Department prior thereto that he would be in Florida until August 19, 2008. By decision dated August 18, 2008, the Administrative Law Judge (hereinafter ALJ) issued a default decision denying claimant benefits, but granted him leave to reopen within a reasonable time.

Claimant, in turn, made a request to reopen the case, which was received by the Department on September 3, 2008. At a

hearing on the matter on November 7, 2008, claimant indicated that he could not proceed because he did not have counsel and the ALJ advised him to retain counsel as quickly as possible and to seek to reopen the case within a reasonable time, specifically the next four to six weeks. By decision dated November 8, 2008 and revised decision dated November 10, 2008, the ALJ again denied claimant benefits, but granted him leave to reopen within a reasonable time. In the ensuing months, claimant attempted, without success, to retain counsel free of charge. Then, in 2009, he had surgery related to a 2007 work injury, was hospitalized and remained under a physician's care for a long period of time.

On October 15, 2010, nearly two years after the ALJ's November 10, 2008 revised default decision, an attorney representing claimant made an application to reopen said decision. Following a February 3, 2011 hearing, the ALJ granted the application, reopened the default decision and modified the initial determination. The Commissioner of Labor appealed and the Unemployment Insurance Appeal Board reversed the ALJ's decision and, among other things, denied claimant's application to reopen. Claimant now appeals.

It is well settled that "[t]he decision to grant an application to reopen is a matter committed to the sound discretion of the Board and, absent an abuse of that discretion, such decision will not be disturbed" (*Matter of Monroe [Commissioner of Labor]*, 59 AD3d 836, 837 [2009], *lv dismissed* 13 NY3d 879 [2009]; *see Matter of Lee [Commissioner of Labor]*, 84 AD3d 1652, 1653 [2011]). Pursuant to 12 NYCRR 461.8, the party seeking to reopen a decision must demonstrate good cause for his or her default (*see e.g. Matter of Schaffer [Byrne Dairy, Inc.—Commissioner of Labor]*, 54 AD3d 1111, 1112 [2008]). Here, the Board found that claimant failed to show good cause for the nearly two-year delay between the ALJ's November 10, 2008 revised decision and his attorney's October 15, 2010 request to reopen. Based upon our review of the record, we agree. Although claimant attempted to retain an attorney to represent him free of charge in the months following the November 7, 2008 hearing, no proof was presented as to the efforts he actually took to obtain counsel thereafter. Moreover, while he experienced health problems in 2009, no evidence was presented that such problems prevented him from finding an attorney and pursuing his application to reopen. Significantly, claimant remained under the care of a physician at the time of the February 3, 2011 hearing on his application to reopen at which point he had already retained an attorney. In view of the foregoing, we find that the Board did not abuse its discretion and we find no reason to disturb its decision.

Peters, P.J., Rose, Spain and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.