*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 2, 2015                    520021
_____

In the Matter of NEW YORK CITY
    CHESS INC.,
                        Appellant.
                                         MEMORANDUM AND ORDER
COMMISSIONER OF LABOR,
                        Respondent.
_____

Calendar Date:  May 5, 2015

Before:  Lahtinen, J.P., Garry, Lynch and Clark, JJ.

                        _____

        Law Office of Brian L. Greben, Great Neck (Brian L. Greben
of counsel), for appellant.

        Eric T. Schneiderman, Attorney General, New York City (Dawn
A. Foshee of counsel), for respondent.

                        _____

        Appeals (1) from a decision of the Unemployment Insurance
Appeal Board, filed January 14, 2014, which denied an application
by New York City Chess Inc. to reopen a prior decision, and (2)
from a decision of said Board, filed July 3, 2014, which, upon
reconsideration, adhered to its prior decision.

        The Department of Labor found that certain tutors who
worked for New York City Chess Inc. (hereinafter NYCC) were its
employees and assessed NYCC for additional unemployment insurance
contributions based on remuneration paid to these individuals.
NYCC disagreed with this determination and requested a hearing
that was scheduled for January 17, 2013.  When NYCC failed to
appear, an Administrative Law Judge (hereinafter ALJ) issued a
default decision.  Thereafter, NYCC applied to reopen this
decision and a hearing was scheduled for October 3, 2013.  NYCC
again failed to appear and the ALJ issued a second default

decision.  NYCC applied to reopen the second default decision and a hearing was scheduled for November 5, 2013.  Following the hearing, the ALJ denied the application to reopen and sustained the initial determination.  NYCC appealed to the Unemployment Insurance Appeal Board, and the Board affirmed the ALJ's decision.  NYCC then applied to reopen this decision and the Board granted the application, but adhered to its prior decision. NYCC appeals from both of the Board's decisions.

Preliminarily, we note that "[t]he decision to grant an application to reopen is a matter committed to the sound discretion of the Board and, absent an abuse of that discretion, such decision will not be disturbed" (Matter of Monroe [Commissioner of Labor], 59 AD3d 836, 837 [2009], lv dismissed 13 NY3d 879 [2009]; see Matter of Lee [Commissioner of Labor], 84 AD3d 1652, 1653 [2011]; Matter of Chanthyasack [Commissioner of Labor], 37 AD3d 963, 964 [2007]).  It is not an abuse of discretion for the Board to deny an application to reopen where the party making it has not demonstrated a reasonable excuse for failing to appear at a hearing (see Matter of Cedeno [Commissioner of Labor], 83 AD3d 1350, 1351 [2011]; Matter of Monroe [Commissioner of Labor], 59 AD3d at 837; see also 12 NYCRR 461.8).  Here, NYCC's excuse for not appearing at the October 3, 2013 hearing was that it did not regularly check its post office box and did not receive written correspondence notifying it of the hearing until the date of the hearing, which was too late for an appearance.  Inasmuch as the Board could conclude that this was not a reasonable excuse, we cannot say that the Board abused its discretion in denying NYCC's application to reopen the ALJ's second default decision (see Matter of Chanthyasack [Commissioner of Labor], 37 AD3d at 964).  Therefore, we find no reason to disturb the Board's decisions and need not address the merits of the NYCC's underlying claim.

Lahtinen, J.P., Garry, Lynch and Clark, JJ., concur.

-3-                    520021

ORDERED that the decisions are affirmed, without costs.



                    ENTER:

                    Robert D. Mayberger
                    Clerk of the Court