*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   September 22, 2016          521946
_____

In the Matter of the Claim of
    DONALD AMOIA,
                        Appellant.
                                          MEMORANDUM AND ORDER
COMMISSIONER OF LABOR,
                        Respondent.
_____

Calendar Date:   August 8, 2016

Before:   Peters, P.J., Garry, Rose, Devine and Mulvey, JJ.

_____

        Donald Amoia, Kenmore, appellant pro se.

        Eric T. Schneiderman, Attorney General, New York City (Dawn
A. Foshee of counsel), for respondent.

_____

        Appeal from a decision of the Unemployment Insurance Appeal
Board, filed April 17, 2015, which, among other things, denied
claimant's application to reopen a prior decision.

        Claimant requested a hearing with respect to initial
determinations issued by the Department of Labor finding, among
other things, that he was ineligible to receive unemployment
insurance benefits in 2003.  The hearing was scheduled for May 9,
2014.  Prior to the hearing, claimant requested an adjournment
because he had to take his wife to a medical appointment and
needed more time to obtain legal representation.  He was advised
that the hearing would be closed, but that he could request to
have the case reopened.  The Administrative Law Judge
(hereinafter ALJ), in turn, issued a default decision sustaining
the initial determinations and advising claimant that any request
to reopen the case would need to be made within a reasonable time
from the date of such decision.

        More than five months later, claimant sent a letter to the
Department requesting a "hearing" and such request was treated as

an application to reopen the ALJ's default decision.  A hearing was scheduled for November 19, 2014, but was administratively closed due to severe weather, and the ALJ issued a second default decision.  Further hearings regarding the matter were conducted in December 2014 and January 2015.  At the conclusion of these hearings, the ALJ, among other things, denied claimant's application to reopen the first default decision and sustained the initial determinations.  The Unemployment Insurance Appeal Board affirmed this decision and claimant now appeals.

It is well settled that "[w]hether to grant an application to reopen a decision is within the discretion of the Board and, absent a showing that the Board abused its discretion, its decision will not be disturbed" (Matter of Chanthyasack [Commissioner of Labor], 37 AD3d 963, 964 [2007] [internal quotation marks and citation omitted]; see Matter of Monroe [Commissioner of Labor], 59 AD3d 836, 837 [2009], lv dismissed 13 NY3d 879 [2009]).  Here, one reason that claimant sought an adjournment of the May 9, 2014 hearing was because he wanted to obtain legal representation.  Although he testified that he had difficulty finding an attorney to take his case, he provided few details concerning his efforts other than stating that he searched online and by word of mouth during the summer months without success.  Notably, he admitted that he did nothing to find an attorney during the month of September 2014.  He stated that he ultimately ended up finding an attorney who had previously represented him after this individual happened to stop by the garage where he worked in October 2014.  Given claimant's apparent lack of diligence in seeking legal representation during the five-month period following the first default decision, together with his knowledge of the time constraints for requesting reopening and his ability to proceed pro se, we find that the Board did not abuse its discretion in denying claimant's application to reopen the first default decision.  In view of this, the merits of the Department's underlying determinations are not properly before us (see Matter of New York City Chess, Inc. [Commissioner of Labor], 130 AD3d 1125, 1126 [2015]; Matter of Bartel [Commissioner of Labor], 300 AD2d 730, 731 [2002]).

Peters, P.J., Garry, Rose, Devine and Mulvey, JJ., concur.

ORDERED that the decision is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court