*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 26, 2017           522685
_____

In the Matter of the Claim of
    YVES SAINTALBORD,
                    Respondent.

                                        MEMORANDUM AND ORDER

PREMIER CARE STAFFING, INC.,
                    Appellant.

COMMISSIONER OF LABOR,
                    Respondent.
_____

Calendar Date:  November 29, 2016

Before:  Peters, P.J., Garry, Lynch, Devine and Mulvey, JJ.

_____

        Robert Halpern, New York City, for appellant.

        Christopher Hammond, Cooperstown, for Yves Saintalbord,
respondent.

_____

        Appeal from a decision of the Unemployment Insurance Appeal
Board, filed May 6, 2015, which denied the application by Premier
Care Staffing, Inc. to reopen a prior decision.

        In October 2013, claimant's employment was terminated for
misconduct.  Claimant's subsequent application for unemployment
insurance benefits was denied in a November 2013 initial
determination on the basis that claimant was terminated for using
his cell phone while driving.  Claimant requested a hearing, and
an Administrative Law Judge rendered a December 2013 default
decision denying claimant benefits.  Claimant's subsequent
applications to reopen were denied after claimant failed to
appear for scheduled hearings.

Upon administrative appeal, in a July 2014 decision, the Unemployment Insurance Appeal Board, among other things, granted claimant's initial application to reopen the December 2013 default decision, finding that, because the notice of the hearing on his application to reopen the Administrative Law Judge's December 2013 default decision was addressed to an incorrect residence, claimant did not receive notice of the hearing. An ensuing application to reopen by Premier Care Staffing, Inc. was denied by the Board in a November 2014 decision. In December 2014, Premier then applied to reopen the Board's November 2014 decision, and that application was denied by the Board in a May 2015 decision, from which Premier now appeals.

We affirm. The Board's decision to grant or deny an application to reopen "is within the discretion of the Board and, absent a showing that the Board abused its discretion, its decision will not be disturbed" (Matter of Becker [Commissioner of Labor], 108 AD3d 930, 931 [2013] [internal quotation marks and citations omitted]; accord Matter of Hughes [Commissioner of Labor], 136 AD3d 1085, 1086 [2016]; see generally 12 NYCRR 463.6). Here, inasmuch as Premier dedicates its argument to challenging the merits of the Board's underlying July 2014 decision, Premier has failed to allege how the Board abused its discretion in denying Premier's December 2014 application to reopen the Board's November 2014 decision denying its initial application to reopen. Moreover, as Premier's December 2014 application to reopen was not made within 30 days of the Board's July 2014 decision, Premier's arguments relative to the merits of the July 2014 decision are not properly before this Court (see Matter of Wood [Commissioner of Labor], 24 AD3d 854, 855 [2005]; Matter of Alfaro [Commissioner of Labor], 2 AD3d 961, 961 [2003]; compare Matter of Bunting [Commissioner of Labor], 61 AD3d 1229, 1229 [2009]).[1]

Peters, P.J., Garry, Lynch, Devine and Mulvey, JJ., concur.

_____

[1] We also note that Premier's notice of appeal challenges only the Board's May 2015 decision and does not appeal from the Board's July 2014 decision.

ORDERED that the decision is affirmed, without costs.



ENTER:

Robert D. Mayberger
Clerk of the Court