■ In the Matter of the Claim of CARLA S. BROWNE, Appellant. NASSAU BOCES, Respondent; COMMISSIONER OF LABOR, Respondent. [60 NYS3d 576]—

Appeals from 10 decisions of the Unemployment Insurance Appeal Board, filed February 1, 2016, which denied claimant's application to reopen prior decisions.

In February 2012, the Department of Labor issued 10 initial determinations finding claimant disqualified from receiving unemployment insurance benefits and charging her with a recoverable overpayment and penalties. Claimant requested a hearing on the determinations and one was scheduled for May 2, 2014. After claimant failed to appear at the hearing, the Administrative Law Judge found her in default and sustained the initial determinations. In August 2015, claimant applied to have her claim reopened. Following a hearing, the Administrative Law Judge denied her application to reopen, in 10 decisions, finding that the application was not made within a reasonable amount of time. The decisions were affirmed by the Unemployment Insurance Appeal Board and claimant now appeals.

We affirm. "[A] case may be reopened following a default upon a showing of good cause if such request is made within a reasonable time" (*Matter of Bowe [Southern Tier Home Bldrs. Assn.—Commissioner of Labor]*, 121 AD3d 1150, 1151 [2014]; *see Matter of Hughes [Commissioner of Labor]*, 136 AD3d 1085, 1086 [2016]). "The decision as to whether to grant an application to reopen a claim will not be disturbed absent an abuse of the Board's sound discretion" (*Matter of Knott [Commissioner of Labor]*, 121 AD3d 1154, 1154 [2014]; *see Matter of Barto [Commissioner of Labor]*, 110 AD3d 1418, 1419 [2013]). The record reflects that claimant waited 15 months to apply to reopen her claim. Although she testified that she received the May 2, 2014 default decisions that advised her that she may apply to reopen the decisions within a reasonable time, she admitted that she did not adhere to the portion of the decisions that explained how to apply to reopen the claim. Rather, claimant testified that she spent months contacting the wrong entities seeking information on how to reopen her claim. In our view, the Board did not abuse its discretion in finding that claimant, by waiting 15 months under these circumstances, had not applied to reopen her claim within a reasonable time (*see Matter of Hughes [Commissioner of Labor]*, 136 AD3d at 1086; *Matter of Knott [Commissioner of Labor]*, 121 AD3d at 1154). Accordingly, its decisions will not be disturbed.

Peters, P.J., Egan Jr., Rose, Mulvey and Rumsey, JJ., concur. Ordered that the decisions are affirmed, without costs.