■ In the Matter of the Claim of JEFFREY J. BASIL, Appellant. COMMISSIONER OF LABOR, Respondent. [61 NYS3d 714]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 17, 2016, which denied claimant's application for reopening and reconsideration of a prior decision.

On April 19, 2012, the Department of Labor issued an initial determination finding that claimant was ineligible to receive unemployment insurance benefits effective June 25, 2010 because he was not totally unemployed; claimant was charged with a recoverable overpayment and a forfeiture penalty of 208 effective days was imposed. When claimant's accountant requested a hearing upon claimant's behalf in November 2012, the Department interposed a timeliness objection. Following a hearing on the timeliness issue, the Administrative Law Judge sustained the Department's objection and continued the initial determination. Claimant appealed and, by decision dated April 29, 2013, the Unemployment Insurance Appeal Board affirmed. More than three years later, claimant applied to the Board to reopen and reconsider its April 2013 decision—claiming that he was unaware that he could further appeal the Board's decision. The Board denied claimant's request, prompting this appeal.

We affirm. Whether to grant an application to reopen and reconsider a prior decision is a matter committed to the Board's discretion and, absent an abuse of that discretion, the Board's decision will not be disturbed (*see Matter of Saintalbord [Premier Care Staffing, Inc.—Commissioner of Labor]*, 146 AD3d 1256, 1256 [2017]; *Matter of Amoia [Commissioner of Labor]*, 142 AD3d 1228, 1228 [2016]; *Matter of New York City Chess Inc. [Commissioner of Labor]*, 130 AD3d 1125, 1126 [2015]; *Matter of Knott [Commissioner of Labor]*, 121 AD3d 1154, 1154 [2014]). Here, claimant's assertion that he was unaware of his appellate rights is belied by the face of the Board's April 2013 decision, which clearly advised claimant of his right to appeal to this Court within 30 days from the date that the Board's decision was mailed, and his belated claim—raised for

the first time in his reply brief—that he never received the Board's April 2013 decision is unpersuasive. Accordingly, we find that the Board did not abuse its discretion in denying claimant's application to reopen and reconsider the prior decision. To the extent that claimant has briefed the merits of his underlying claim for benefits, these arguments are not properly before us (*see Matter of Simmons [Actors Reps of N.Y.—Commissioner of Labor]*, 3 AD3d 826, 827 [2004]).

McCarthy, J.P., Egan Jr., Devine, Clark and Aarons, JJ., concur. Ordered that the decision is affirmed, without costs.