Matter of Mena (Philips Bryant Park, LLC--Commissioner of Labor) (2018 NY Slip Op 05982)





Matter of Mena (Philips Bryant Park, LLC--Commissioner of Labor)


2018 NY Slip Op 05982


Decided on September 6, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 6, 2018

525829

[*1]In the Matter of the Claim of GIOVANNI MENA, Respondent. PHILIPS BRYANT PARK, LLC, Appellant. COMMISSIONER OF LABOR, Respondent.

Calendar Date: August 23, 2018

Before: Garry, P.J., Egan Jr., Devine, Clark and Aarons, JJ.


Clifton Budd & DeMaria, LLP, New York City (Stefanie Munsky of counsel), for appellant.
McNamee, Lochner, Titus & Williams, PC, Albany (Francis J. Smith of counsel), for Giovanni Mena, respondent.
Barbara D. Underwood, Attorney General, New York City (Gary Leibowitz of counsel), for Commissioner of Labor, respondent.



MEMORANDUM AND ORDER
Clark, J.
Appeals from two decisions of the Unemployment Insurance Appeal Board, filed March 24, 2017, which denied the application by Philips Bryant Park, LLC to reopen prior decisions.
In April 2014, the Department of Labor issued a determination finding that claimant was an employee of Philips Bryant Park, LLC and that Philips was liable for contributions based upon remuneration paid to claimant and others similarly situated. Philips objected and a hearing was scheduled for August 1, 2014. On July 28, 2014, Philips informed the Administrative Law Judge (hereinafter ALJ) that its representative could not attend the scheduled hearing and requested an adjournment. The ALJ proceeded with the hearing and found Philips in default and affirmed the Department's determination. Philips thereafter requested that the ALJ reopen the default decision, and another hearing was scheduled for October 10, 2014. Prior to that date, Philips again informed the ALJ that its representative would not be able to appear at the hearing, and the ALJ found Philips in default and sustained the prior determination.
On February 26, 2016, Philips requested that the Board reopen the case. In two decisions filed on April 6, 2016, the Board found, among other things, that Philips had not shown good cause for failing to appear at the hearings and had not adequately explained why it took over a year to apply to reopen the default decisions. Philips did not file a timely notice of appeal of these decisions with this Court. On February 15, 2017, Philips applied to reopen the April [*2]2016 decisions. In two decisions filed on March 24, 2017, the Board denied the application, and Philips now appeals.
Inasmuch as Philips' February 2017 application to reopen was not made within 30 days of the Board's April 2016 decisions, its arguments related to the April 2016 decisions are not properly before this Court (see Matter of Saintalbord [Premier Care Staffing, Inc.-Commissioner of Labor], 146 AD3d 1256, 1257 [2017]; Matter of Wood [Commissioner of Labor], 24 AD3d 854, 855 [2005]; Matter of Alfaro [Commissioner of Labor], 2 AD3d 961, 961 [2003]). As to the Board's denial of the application to reopen, "[t]he decision as to whether to grant an application to reopen a claim will not be disturbed absent an abuse of the Board's sound discretion" (Matter of Knott [Commissioner of Labor], 121 AD3d 1154, 1154 [2014]; see Matter of Basil [Commissioner of Labor], 153 AD3d 1547, 1547 [2017]). We note, however, that Board decisions must "contain a statement of the issues, the findings of fact, the conclusions and the reasons therefor" (12 NYCRR 464.1 [a]). Here, the Board summarily denied the application to reopen without proffering any findings of fact or reasons in support of the denial. Accordingly, the decisions render it impossible for us to conduct an intelligent appellate review, and we remit the matter to the Board for further proceedings.
Garry, P.J., Egan Jr., Devine and Aarons, JJ. concur.
ORDERED that the decisions are reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.