Matter of Houston (Commissioner of Labor) (2019 NY Slip Op 02197)





Matter of Houston (Commissioner of Labor)


2019 NY Slip Op 02197


Decided on March 21, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 21, 2019

527298

[*1]In the Matter of the Claim of RANDALL C. HOUSTON, Appellant. COMMISSIONER OF LABOR, Respondent.

Calendar Date: February 8, 2019

Before: Garry, P.J., Egan Jr., Aarons, Mulvey and Pritzker, JJ.


Randall C. Houston, New Windsor, appellant pro se.
Letitia James, Attorney General, New York City (Steven Koton of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 11, 2018, which denied claimant's application to reopen a prior decision.
Claimant's employment was terminated in November 2017 and he applied for unemployment insurance benefits. The Department of Labor issued an initial determination on December 21, 2017, disqualifying claimant from receiving benefits for having lost his employment due to misconduct. Claimant requested a hearing and one was scheduled for February 7, 2018. Prior to the date of the hearing, claimant applied to withdraw his request for a hearing based upon his belief that new employment was imminent and that he was unlikely to prevail. Claimant also confirmed that he understood that, by withdrawing his request, the Department's initial determination denying benefits would continue in effect. On February 7, 2018, an Administrative Law Judge (hereinafter ALJ) granted the application to withdraw claimant's request for a hearing, and the initial determination was continued in effect.
On April 25, 2018, claimant again requested a hearing on the Department's initial determination. Such request was treated as an application to reopen the ALJ's February 2018 decision. Following a hearing, the ALJ denied the application to reopen, and this determination was affirmed by the Unemployment Insurance Appeal Board. Claimant now appeals.
We affirm. "Whether to grant an application to reopen and reconsider a prior decision is a matter committed to the Board's discretion and, absent an abuse of that discretion, the Board's decision will not be disturbed" (Matter of Basil [Commissioner of Labor], 153 AD3d 1547, 1547 [2017] [citations omitted]; see Matter of Saintalbord [Premier Care Staffing, Inc.-Commissioner of Labor], 146 AD3d 1256, 1256 [2017]). Here, claimant has not alleged that the Board abused its discretion, and there is no basis to disturb the denial of claimant's application to reopen (see Matter of Becker [Commissioner of Labor], 108 AD3d 930, 931 [2013]; Matter of Carlson [Commissioner of Labor], 95 AD3d 1589, 1590 [2012]). Although claimant attempts to argue the merits of his underlying claim for benefits, those arguments are not properly before us (see Matter of Basil [Commissioner of Labor], 153 AD3d at 1548).
Garry, P.J., Egan Jr., Aarons, Mulvey and Pritzker, JJ., concur.
ORDERED that the decision is affirmed, without costs.