Matter of Vitomsky (Commissioner of Labor) (2019 NY Slip Op 02945)





Matter of Vitomsky (Commissioner of Labor)


2019 NY Slip Op 02945


Decided on April 18, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 18, 2019

527826

[*1]In the Matter of the Claim of EFIM VITOMSKY, Appellant. COMMISSIONER OF LABOR, Respondent.

Calendar Date: March 15, 2019

Before: Lynch, J.P., Clark, Mulvey, Devine and Aarons, JJ.


Efim Vitomsky, New York City, appellant pro se.



MEMORANDUM AND ORDER
Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 18, 2018, which denied claimant's application to reopen and reconsider a prior decision.
Claimant, the director of the City University of New York Kingsborough Community College's Taxi Institute, was discharged from employment for directing a staff member to sign certification of completion cards for students who had not completed their requisite three-hour course on wheelchair accessibility. Claimant subsequently applied for unemployment insurance benefits, and the Department of Labor found him eligible to receive benefits because his employer failed to substantiate its decision to terminate claimant's employment due to misconduct. The employer requested a hearing, after which an Administrative Law Judge, among other things, sustained the employer's objection and overruled the Department's initial determination. Upon administrative appeal, the Unemployment Insurance Appeal Board upheld the Administrative Law Judge's decision denying claimant benefits. Claimant's subsequent applications to reopen and reconsider were denied by the Board in January and April 2018 decisions. Claimant now appeals from the Board's April 2018 decision denying his application to reopen and reconsider the denial of his first application to reopen.
We affirm. "The Board's decision to grant or deny an application to reopen is within the discretion of the Board and, absent a showing that the Board abused its discretion, its decision will not be disturbed" (Matter of Saintalbord [Premier Care Staffing, Inc.-Commissioner of Labor], 146 AD3d 1256, 1256 [2017] [internal quotation marks and citations omitted]; see Matter of Green [Village of Hempstead-Commissioner of Labor], 80 AD3d 954, 954 [2011]; Matter of Boone [Shore Rd. Community Serv.-Sweeney], 245 AD2d 617, 620 [1997]; see generally Labor Law § 534; 12 NYCRR 463.6 [a]). Here, inasmuch as claimant dedicates his argument to challenging the merits of the Board's underlying September 2017 decision, he has failed to allege how the Board abused its discretion in denying his application to reopen the Board's January 2018 decision denying his initial application to reopen. Moreover, as claimant's second application to reopen was not made within 30 days of the Board's September 2017 decision, claimant's arguments relative to the merits of the September 2017 decision are not properly before this Court (see Matter of Saintalbord [Premier Care Staffing, Inc.-Commissioner of Labor], 146 AD3d at 1256-1257; Matter of Wood [Commissioner of Labor], 24 AD3d 854, [*2]855 [2005]; Matter of Alfaro [Commissioner of Labor], 2 AD3d 961, 961 [2003]; Matter of Rivera [King Tut Boutique-Hartnett], 147 AD2d 754, 754 [1989]).[FN1]
Lynch, J.P., Clark, Mulvey, Devine and Aarons, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: We also note that claimant's notice of appeal challenges only the Board's January 2018 decision and does not attempt to appeal from the Board's September 2017 decision (see Matter of Saintalbord [Premier Care Staffing, Inc.-Commissioner of Labor], 146 AD3d at 1257 n).