Matter of Sunny's Limousine Serv. Inc. v New York State Dept. of Labor (2019 NY Slip Op 04038)





Matter of Sunny's Limousine Serv. Inc. v New York State Dept. of Labor


2019 NY Slip Op 04038


Decided on May 23, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 23, 2019

Renwick, J.P., Manzanet-Daniels, Kahn, Kern, Moulton, JJ.


9399 157687/17

[*1]In re Sunny's Limousine Service Inc., Petitioner-Appellant,
v
New York State Department of Labor, et al., Respondents-Respondents.


The Shanker Law Firm, P.C., New York (Steven J. Shanker of counsel), for appellant.
Letitia James, Attorney General, New York (Seth M. Rokosky of counsel), for respondents.



Judgment, Supreme Court, New York County (Gerald Lebovits, J.), entered October 23, 2017, granting respondents' cross motion to dismiss the petition to compel respondents to provide petitioner with notice and a hearing regarding petitioner's unemployment insurance law contributions, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
New York Labor Law § 620(2) provides that "[a]ny employer who claims to be aggrieved by the commissioner's determination of the amount of the employer's contributions . . . may apply to the commissioner for a hearing within thirty days after mailing or personal delivery of notice of such determination." Here, the Department of Labor sent a Notice of Determination of Contributions Due on April 5, 2013, and petitioner requested a hearing within 30 days thereof. The parties dispute whether notice of the hearing set for July 13, 2015 before an administrative law judge was sent to petitioner. Petitioner failed to appear at the hearing and the Department of Labor's determination was sustained.
Pursuant to 12 NYCRR 461.8, petitioner's remedy was to request that the administrative law judge reopen the claim (see also Matter of Green [Village of Hempstead-Commissioner of Labor], 80 AD3d 954 [3d Dept 2011]). If the application to reopen the case is denied, petitioner may then appeal that decision to the Unemployment Insurance Appeal Board and then to the Appellate Division, Third Department, which will review the denial under an abuse of discretion standard (see Matter of Browne [Nassau BOCES-Commissioner of Labor], 153 AD3d 1073 [3d Dept 2017]; Labor Law § 624).
The record shows that petitioner has not exhausted its administrative remedies before seeking to litigate in court, which it was required to do (see Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d 52, 57 [1978]). Under the circumstances presented herein, none of the [*2]exceptions to the exhaustion rule apply (id.).
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 23, 2019
CLERK