Matter of Zion (Commissioner of Labor) (2019 NY Slip Op 06659)





Matter of Zion (Commissioner of Labor)


2019 NY Slip Op 06659


Decided on September 19, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 19, 2019

527495

[*1]In the Matter of the Claim of Shlomo S. Zion, Appellant. Commissioner of Labor, Respondent.

Calendar Date: August 30, 2019

Before: Garry, P.J., Egan Jr., Lynch, Clark and Mulvey, JJ.


Shlomo S. Zion, Valley Stream, appellant pro se.
Letitia James, Attorney General, New York City (Gary Leibowitz of counsel), for respondent.



Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 23, 2018, which denied claimant's application to reopen and reconsider prior decisions.
In November 2009 and April 2012, claimant, a former business analyst, filed applications for unemployment insurance benefits. The Department of Labor subsequently issued an initial determination finding that claimant was ineligible to receive unemployment insurance benefits during the time period in question because he was not totally unemployed. The Department also charged claimant with recoverable overpayments of benefits and emergency benefits and imposed forfeiture and civil penalties due to willful misrepresentations. After three hearing defaults by claimant, the issuance of three default decisions by an Administrative Law Judge (hereinafter the ALJ) and two Unemployment Insurance Appeal Board decisions referring the matter back to the ALJ for claimant's administrative appeals to be treated as applications to reopen, a hearing was ultimately scheduled for July 20, 2017. Claimant failed to appear at the scheduled hearing, and the ALJ issued a fourth default decision, which denied claimant's application to reopen the three prior default decisions and sustained the initial determination. More than four months later, claimant sent a November 24, 2017 letter to the Department contending that he did not appear at the July 2017 hearing due to prolonged medical issues and hospitalization and requesting a "final hearing." This request was treated as an application to reopen the ALJ's four prior default decisions. Following hearings, the ALJ, among other things, granted claimant's application to reopen the four prior default decisions and overruled the Department's initial determination. Upon administrative review, the Unemployment Insurance Appeal Board reversed, in an August 23, 2018 decision, finding that claimant failed to establish good cause for his nonappearance at the July 20, 2017 hearing, and that there was an unreasonable delay between claimant's failure to appear at the hearing and his November 2017 request for reopening. Claimant appeals from the Board's August 2018 decision.[FN1]
We affirm. "A case may be reopened following a default upon a showing of good cause if such request is made within a reasonable time" (Matter of Browne [Nassau BOCES-Commissioner of Labor], 153 AD3d 1073, 1074 [2017] [internal quotation marks, brackets and citations omitted]; see 12 NYCRR 461.8; Matter of Barto [Commissioner of Labor], 110 AD3d 1418, 1419 [2013]). "The Board's decision to grant or deny an application to reopen is within the discretion of the Board and, absent a showing that the Board abused its discretion, its decision will not be disturbed" (Matter of Vitomsky [Commissioner of Labor], 171 AD3d 1388, 1389 [2019] [internal quotation marks and citations omitted]; see Matter of Sunny's Limousine Serv. Inc. v New York State Dept. of Labor, 172 AD3d 585, 586 [2019]; Matter of Green [Village of Hempstead-Commissioner of Labor], 80 AD3d 954, 954 [2011]; see generally Labor Law § 534; 12 NYCRR 463.6 [a]).
In November 2017, when claimant made his application to reopen, the submitted medical evidence only established that claimant was discharged from the hospital on July 10, 2017, and claimant failed to submit any evidence at that time demonstrating that he was in the hospital or otherwise unable to attend the scheduled hearing on July 20, 2017. At the subsequent hearing, claimant testified that, following his discharge from the hospital on July 10, 2017, he returned and was a patient on July 20, 2017, which resulted in his nonappearance at the hearing. Even if claimant's testimony constitutes good cause for his failure to appear at the July 20, 2017 hearing, the record is devoid of any evidence to demonstrate why he waited over four months following his nonappearance and default to make his November 24, 2017 application to reopen. In addition, when given an opportunity at the hearing to proffer an explanation for the delay, claimant declined to offer any additional testimony on the matter. Accordingly, the Board did not abuse its discretion in denying his November 2017 application to reopen the prior default decisions (see Matter of Hirota [Commissioner of Labor], 161 AD3d 1371, 1372 [2018]; Matter of Basil [Commissioner of Labor], 153 AD3d 1547, 1547-1548 [2017]; Matter of Amoia [Commissioner of Labor], 142 AD3d 1228, 1229 [2016]). Claimant's remaining contentions have been examined and found to lack merit.
Garry, P.J., Egan Jr., Lynch, Clark and Mulvey, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: Although the record reflects that claimant's notice of appeal was also construed by the Board as a subsequent application to reopen the Board's August 2018 decision, which the Board denied in a later November 2018 decision, no notice of appeal was filed with respect thereto and, thus, that subsequent decision is not before this Court (see Matter of Raissi [Commissioner of Labor], 172 AD3d 1814, 1815 [2019]; Matter of Tanasa [Commissioner of Labor], 164 AD3d 998, 998 n [2018]).