Matter of Mercado (American Para Professional Sys. of NYC, Inc.--Commissioner of Labor) (2019 NY Slip Op 06830)





Matter of Mercado (American Para Professional Sys. of NYC, Inc.--Commissioner of Labor)


2019 NY Slip Op 06830


Decided on September 26, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 26, 2019

527339

[*1]In the Matter of the Claim of Melissa J. Mercado, Respondent; American Para Professional Systems of NYC, Inc., Appellant. Commissioner of Labor, Respondent.

Calendar Date: September 6, 2019

Before: Garry, P.J., Egan Jr., Lynch and Pritzker, JJ.


Nixon Peabody LLP, Jericho (Tara E. Daub of counsel), for appellant.
Amanda FiggsGanter, Albany, for Melissa J. Mercado, respondent.



Lynch, J.
Appeals from two decisions of the Unemployment Insurance Appeal Board, filed February 23, 2018, which denied the application by American Para Professional Systems of NYC, Inc. to reopen and reconsider two prior decisions.
Claimant, a phlebotomist, was retained by American Para Professional Systems of NYC, Inc. (hereinafter APPS) to conduct paramedical examinations of applicants going through the underwriting process to obtain life insurance. After claimant's services were terminated for misconduct, she filed an application for unemployment insurance benefits. Following an inquiry, the Department of Labor determined that claimant did not meet the requirements for filing a valid original claim because she did not have the required employment and earnings during the applicable base periods. The Department stated that her base period wages from APPS could not be used to establish a valid original claim for unemployment insurance benefits because there was insufficient evidence of supervision, direction and control to establish an employment relationship between claimant and APPS. Claimant requested a hearing to challenge the determinations, and, following the hearing, an Administrative Law Judge (hereinafter ALJ) overruled the initial determinations in two October 2014 decisions. The ALJ found that APPS exercised sufficient direction and control over the work being performed by claimant and others similarly situated such that an employment relationship was established and, therefore, that claimant had filed a valid original claim.
In December 2017, APPS applied to reopen and reconsider the ALJ's October 2014 decisions finding that claimant and others similarly situated were employees, and not independent contractors, of APPS. Finding that APPS failed to provide good cause for the delay in applying to reopen, the Unemployment Insurance Appeal Board, in two decisions filed February 23, 2018, denied APPS's application to reopen. APPS appeals.
As an initial matter, inasmuch as the December 2017 application to reopen was not made by APPS within 30 days of the October 2014 decisions, its arguments related to the October 2014 decisions are not properly before this Court (see Matter of Saintalbord [Premier Care Staffing, Inc.-Commissioner of Labor], 146 AD3d 1256, 1256 [2017]; Matter of Wood [Commissioner of Labor], 24 AD3d 854, 855 [2005]; Matter of Alfaro [Commissioner of Labor], 2 AD3d 961, 961 [2003]). As to the Board's denial of the application to reopen, "[t]he Board's decision to grant or deny an application to reopen is within the discretion of the Board and, absent a showing that the Board abused its discretion, its decision will not be disturbed" (Matter of Vitomsky [Commissioner of Labor], 171 AD3d 1388, 1389 [2019] [internal quotation marks and citations omitted]; see Matter of Green [Village of Hempstead-Commissioner of Labor], 80 AD3d 954, 954 [2011]; Matter of Boone [Shore Rd. Community Serv.-Sweeney], 245 AD2d 617, 620 [1997]; see generally Labor Law § 534; 12 NYCRR 463.6 [a]). Board decisions, however, must "contain a statement of the issues, the findings of fact, the conclusions and the reasons therefor" (12 NYCRR 464.1 [a]; see Matter of Mena [Philips Bryant Park, LLC-Commissioner of Labor], 164 AD3d 1510, 1511 [2018]). In its application to reopen, APPS advanced several reasons to demonstrate good cause for the delay in making the instant application. The Board, however, summarily denied the application to reopen without proffering any findings of fact or reasons in support of its conclusory determination that "the explanation for the delay does not present good cause" (see Matter of Mena [Philips Bryant Park, LLC-Commissioner of Labor], 164 AD3d at 1511-1512). Accordingly, the Board's decisions in question render it impossible for us to conduct an intelligent appellate review, so we reverse and we remit the matter to the Board for further proceedings.
Garry, P.J., Egan Jr. and Pritzker, JJ., concur.
ORDERED that the decisions are reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.