Matter of Battaglia (Commissioner of Labor) (2019 NY Slip Op 07985)





Matter of Battaglia (Commissioner of Labor)


2019 NY Slip Op 07985


Decided on November 07, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 07, 2019

529262

[*1]In the Matter of the Claim of Bartolomeo Battaglia, Appellant. Commissioner of Labor, Respondent.

Calendar Date: October 4, 2019

Before: Clark, J.P., Mulvey, Devine and Aarons, JJ.


Bartolomeo Battaglia, Willow, appellant pro se.
Letitia James, Attorney General, New York City (Gary Leibowitz of counsel), for respondent.



Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 6, 2018, which denied claimant's application for reopening and reconsideration of a prior decision.
The Department of Labor issued a determination on January 8, 2018 that disqualified claimant from receiving unemployment insurance benefits beginning on December 10, 2017, because he voluntarily left his employment without good cause. Claimant timely requested a hearing on that determination. Prior to a hearing, the Department issued two additional determinations on February 12, 2018. One determination similarly disqualified claimant from receiving benefits for voluntarily leaving his employment without good cause, but with a beginning date of December 29, 2017. The other determination disqualified claimant from receiving benefits beginning on December 21, 2017 for having lost his employment due to misconduct. Claimant did not request a hearing on the February 2018 determinations until May 14, 2018. Following a hearing on the February 2018 determinations, during which the employer raised a timeliness objection to claimant's request for a hearing on both determinations, an Administrative Law Judge (hereinafter ALJ) found that claimant's challenge to the determination that he had voluntarily left his employment without good cause was timely and overruled that determination. The ALJ sustained the employer's objection as to timeliness of the challenge to the misconduct determination, however, and continued that determination in effect. Claimant sought administrative appeal and, in a decision filed August 3, 2018, the Unemployment Insurance Appeal Board affirmed the ALJ's decision as to the misconduct determination and continued in effect that determination.[FN1] Claimant's September 10, 2018 application to reopen and reconsider the Board's decision was denied in a December 2018 decision, from which claimant appeals.
We affirm. Initially, claimant is precluded from arguing the merits of the Board's August 3, 2018 decision given his failure to apply to reopen it within 30 days, the period in which the decision could have been appealed (see Matter of Becker [Commissioner of Labor], 108 AD3d 930, 930-931 [2013]; Matter of Howell [Commissioner of Labor], 71 AD3d 1321, 1321 [2010]; Matter of Jackson [Commissioner of Labor], 306 AD2d 604, 604 [2003]). "Whether to grant an application to reopen and reconsider a prior decision is a matter committed to the Board's discretion and, absent an abuse of that discretion, the Board's decision will not be disturbed" (Matter of Basil [Commissioner of Labor], 153 AD3d 1547, 1547 [2017]; accord Matter of Houston [Commissioner of Labor], 170 AD3d 1415, 1416 [2019]). Upon review of the record and claimant's application, we find no abuse of discretion in the Board's denial of claimant's application to reopen and reconsider its prior decision (see Matter of Basil [Commissioner of Labor], 153 AD3d at 1548; Matter of Becker [Commissioner of Labor], 108 AD3d at 931).
Clark, J.P., Mulvey, Devine and Aarons, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: The employer had sought review of the ALJ's decision regarding whether claimant had voluntarily left his employment without good cause. Inasmuch as claimant testified that he had not worked after December 21, 2017, the date the misconduct determination became effective, the Board found that the voluntary leaving of employment determination was moot.