Matter of NY Loves Yoga, LLC (Commissioner of Labor) (2021 NY Slip Op 00343)





Matter of NY Loves Yoga, LLC (Commissioner of Labor)


2021 NY Slip Op 00343


Decided on January 21, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 21, 2021

530335

[*1]In the Matter of NY Loves Yoga, LLC, Appellant. Commissioner of Labor, Respondent.

Calendar Date: January 4, 2021

Before: Garry, P.J., Egan Jr., Lynch, Clark and Mulvey, JJ.


Law Offices of Thomas Torto, New York City (Thomas Torto of counsel), for appellant.
Letitia James, Attorney General, New York City (Gary Leibowitz of counsel), for respondent.



Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 10, 2019, which denied an application by NY Loves Yoga, LLC to reopen a prior decision.
The Department of Labor found that yoga instructors who work for NY Loves Yoga, LLC (hereinafter NYLY) were its employees and assessed NYLY for additional unemployment insurance contributions based on remuneration paid to these individuals. NYLY opposed and requested a hearing that was scheduled for October 30, 2015. When NYLY failed to appear at the hearing, the Administrative Law Judge (hereinafter ALJ) issued a default decision. Thereafter, NYLY applied to reopen that decision. Following a hearing, the ALJ denied the application to reopen and sustained the initial determination. The Unemployment Insurance Appeal Board affirmed the ALJ's decision and NYLY appeals.
"A case may be reopened following a default upon a showing of good cause if such request is made within a reasonable time" (Matter of Zion [Commissioner of Labor], 175 AD3d 1683, 1684 [2019] [internal quotation marks and citations omitted], lv dismissed 35 NY3d 938 [2020]; see Matter of Patricio [Commissioner of Labor], 148 AD3d 1343, 1343 [2017]). "Whether to grant an application to reopen a decision is within the discretion of the Board and, absent a showing that the Board abused its discretion, its decision will not be disturbed" (Matter of Brill [Commissioner of Labor], 175 AD3d 1685, 1686 [2019] [internal quotation marks and citations omitted]; see Matter of Amoia [Commissioner of Labor], 142 AD3d 1228, 1228 [2016]).
NYLY requested a hearing regarding the Department's initial determination on January 5, 2015. The notice of the hearing that was mailed to NYLY was dated October 20, 2015, and advised that the hearing was scheduled for October 30, 2015 at 8:45 a.m. The Board credited the testimony of NYLY's owner that she was out of town for the five days prior to the hearing date and that she was not aware of the hearing until the afternoon of October 30, 2015. According to the owner, she immediately contacted the Board upon reading the notice but was informed that it was too late in the day to speak with the ALJ. The owner then faxed a request to reopen the case the next business day.
Although the Board faulted the owner for not having someone open the business's mail while she was out of town and being unable to determine when the notice had arrived, we find, under these circumstances, that the Board abused its discretion in finding that NYLY did not demonstrate good cause for failing to attend the hearing (see generally Matter of Orellana [Robbins MBW Corp.-Roberts], 91 AD2d 1120, 1121 [1983]). Finding that NYLY applied to reopen the case in a timely fashion, we conclude that the Board's decision must be reversed and the matter remitted for consideration on the merits (see Matter of Cerick [Commissioner of Labor], 120 AD3d 1500, 1501 [2014]).
Garry, P.J., Egan Jr., Lynch, Clark and Mulvey, JJ., concur[*2].
ORDERED that the decision is reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.