Matter of Stennett (Commissioner of Labor) (2022 NY Slip Op 06200)

Matter of Stennett (Commissioner of Labor)

2022 NY Slip Op 06200

Decided on November 3, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 3, 2022

533630
[*1]In the Matter of the Claim of Ray Stennett, Appellant. Commissioner of Labor, Respondent.

Calendar Date:October 7, 2022

Before:Garry, P.J., Lynch, Clark, Pritzker and Reynolds Fitzgerald, JJ.

Ray Stennett, Larchmont, appellant pro se.
Letitia James, Attorney General, New York City (Camille J. Hart of counsel), for respondent.

Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 9, 2020, which denied claimant's application for reopening and reconsideration of a prior decision.
The Department of Labor issued an initial determination finding, among other things, that claimant did not have the required employment and earnings in the base or alternate base period to establish a claim for unemployment insurance benefits. On February 3, 2020, claimant mailed a request for a hearing. A hearing notice, dated February 20, 2020, was mailed to claimant informing him that a hearing was scheduled for March 4, 2020. Following claimant's failure to appear at that hearing, the Administrative Law Judge (hereinafter ALJ) issued a default decision upholding the initial determination. Shortly thereafter, claimant applied to reopen the decision and, following a hearing, the ALJ denied the application. Upon administrative appeal, the Unemployment Insurance Appeal Board, by decision filed November 9, 2020, affirmed the ALJ's decision. Claimant appeals.
We affirm. "A case may be reopened following a default upon a showing of good cause if such request is made within a reasonable time" (Matter of Absolute Home Health Care, Inc. [Commissioner of Labor], 199 AD3d 1135, 1136 [3d Dept 2021] [internal quotation marks and citations omitted]). "Whether to grant an application to reopen a decision is within the discretion of the Board[,] and, absent a showing that the Board abused its discretion, its decision will not be disturbed" (Matter of NY Loves Yoga, LLC [Commissioner of Labor], 190 AD3d 1168, 1168 [3d Dept 2021] [internal quotation marks and citations omitted]; see Matter of Zion [Commissioner of Labor], 175 AD3d 1683, 1685 [3d Dept 2019], lv dismissed 35 NY3d 938 [2020]). Claimant's testimony established that, although he was aware that a response to his hearing request was forthcoming, neither he nor his wife was vigilant about picking up the mail from the post office and, therefore, the notice of hearing was not collected from the post office until the date of the hearing, at which point it was too late to appear. To the extent that claimant offered various, and at times inconsistent, excuses for not retrieving the mail in a timely manner, including that he was experiencing underlying health problems, this created a credibility issue for the Board to resolve (see Matter of Lee [Commissioner of Labor], 84 AD3d 1652, 1653 [3d Dept 2011]). Under the circumstances, the Board, finding that claimant did not have good cause for failing to appear at the March 4, 2020 hearing, did not abuse its discretion in denying claimant's application to reopen (see Matter of New York City Chess Inc. [Commissioner of Labor], 130 AD3d 1125, 1126 [3d Dept 2015]; Matter of Chanthyasack [Commissioner of Labor], 37 AD3d 963, 964 [3d Dept 2007]). The merits of the initial determination denying claimant's application for unemployment insurance benefits are not properly before this Court[*2](see Matter of Shaw [Commissioner of Labor], 197 AD3d 1451, 1451-1452 [3d Dept 2021]).
Garry, P.J., Lynch, Clark, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision is affirmed, without costs.